**22**

William **LATTIMORE**, Plaintiff,

v.

**OMAN CONSTRUCTION** and **Bill White**, Defendants.

No. 82–C–1531–S.

United States District Court, N.D. Alabama, S.D.

Nov. 21, 1985.

---

Michael Quinn and Robert Wiggins, Gordon, Silberman, Wiggins & Childs, Birmingham, Ala., for plaintiff.

William B. Hairston, Jr., Engel, Hairston, Moses & Johanson, Birmingham, Ala., and Charles K. Howard, Jr., Robert J. Martin, Jr. and Joseph M. Freeman, Elarbee, Clark & Paul, Atlanta, Ga., for defendants.

FINDINGS OF FACT AND CONCLUSIONS OF LAW CONCERNING ATTORNEYS' FEES

CLEMON, District Judge.

The Court will now dictate into the record its Findings of Fact and Conclusions of Law.

In this case, the Court, on June 27, 1985, entered judgment in favor of the plaintiff and against the defendant. In its final order, the Court expressly provided that the plaintiff would recover of the defendant a reasonable attorney's fee for services rendered, and further that the plaintiff would recover of the defendant his reasonable expenses incurred in the prosecution of the action. It was, therefore, unnecessary for the plaintiff to file a motion under Rule 11 of this court.

1. The Court has considered the evidence relating to the time and labor required for the prosecution of the lawsuit. It has examined the affidavits of Mr. Quinn and Mr. Wiggins concerning their hours expended in the case, and it finds no duplication. The Court is further convinced by the evidence that the hours claimed are reasonable and that they were necessary for the successful prosecution of the lawsuit.

2. The Court further finds that contemporaneous records of the time expended by the respective counsel for plaintiff were maintained and that this is not a case in which the hours were reconstructed by plaintiff's counsel at sometime far removed from the date of actual service.

3. The Court finds that Mr. Wiggins has reasonably spent one hundred and seventy-five hours in the prosecution of this lawsuit, including two hours which have been allotted for today, and that Mr. Quinn has reasonably spent a hundred and thirty-nine point eighty-five hours in the prosecu-

tion of the lawsuit. The hours claimed represent strictly legal work.

4. This case was not a case of first impression; and so far as the Court is concerned, it did not involve any novel or difficult questions of law. The factual inquiries were complex as they required an examination of voluminous documents.

5. Average legal skill was required to perform the legal services properly in this case; however, the legal skill displayed by counsel for plaintiff was high. The considerable legal skill displayed by plaintiff's counsel effectively resulted in fewer hours being claimed than might ordinarily be expected to be expended by a lawyer with less experience and skill in this type of litigation.

6. In the two or three weeks immediately preceding the trial of this case, the plaintiff's lawyers were effectively precluded from other employment because of their representation of the plaintiff and because of the circumstances involved in the case.

7. In a case of this kind, the customary non-contingent fee for lawyers doing similar work in the Northern District of Alabama ranges from ninety to a hundred and fifty dollars an hour.

8. In this case, the fee was wholly contingent on success and the counsel for plaintiff have not been paid any fee up to this point.

9. There were time limitations imposed by the circumstances but those time limitations were largely the product or fault of plaintiff's counsel themselves. The Court had earlier entered a pretrial order and had outlined a discovery schedule. Because of their involvement in other cases, plaintiff's counsel were not able to prosecute this case sufficiently in advance of trial so that the need to spend virtually all of their time in the weeks before trial could be averted.

10. In terms of the amount involved and the results obtained in this case, the plaintiff recovered a little over twenty-five thousand dollars as backpay against the defendant, Oman Construction Company. The plaintiff did not receive any injunctive relief for the sole reason that by the time that the case came to trial, the defendant was no longer engaged in business in the Northern District of Alabama and in the court's view injunctive relief would serve no useful purpose. Plaintiff obtained all that he could legally obtain under those circumstances.

11. It is also significant that in this discharge case based on race under Title VII, the plaintiff prevailed. In the ordinary discharge case based on race here in the Northern District of Alabama, the plaintiff does not prevail. So in that context, the results may be considered to be exceptional.

12. The experience, reputation and ability of plaintiff's counsel are unquestioned. The representation of the plaintiff in the case was commendable.

13. This type of case is an undesirable case in the Northern District of Alabama. Very few attorneys handle them on a contingency basis—on any basis, really—and those few who do handle such cases are virtually inundated with these types of cases, particularly where the client is seeking representation on a contingency basis.

14. There has been no showing that plaintiff's counsel has lost any business as a result of handling this case. But, of course, to the extent that their association with these types of cases pegs them as Title VII lawyers, prospective clients who might otherwise turn to them for other types of cases would refrain from doing so because of their reputation as Title VII plaintiffs' lawyers.

15. The professional relationship between the plaintiff and his counsel in this case is not ongoing. It was a one-time arrangement.

16. The Court judicially notices other awards made in the Northern District of Alabama.

17. There has been a delay of nearly four years between the time that plaintiff's counsel first undertook to represent the plaintiff and the time of this hearing. As said earlier, during that period of time the

plaintiff's counsel have received no fees whatever.

18. The Court finds that the case is contingent in nature; that plaintiff's counsel have received no fees during the four years that they have represented the plaintiff; the exceptional success that plaintiff's counsel achieved in the case; that there was considerable delay between the time that the services were rendered by the plaintiff's counsel and the time that they will be paid; and that the court's discretion should be exercised so as to preclude an award of interest on the attorney's fee judgment.

19. In consideration of all of these factors, the Court is of the opinion that for Mr. Wiggins, the base hourly rate should be adjusted upward to a hundred and eighty dollars an hour; and that the base hourly rate for Mr. Quinn should be adjusted upward to a hundred and seventy-five dollars an hour.

20. The plaintiff has incurred the following expenses: Depositions, one thousand six hundred and twenty-seven dollars and seventy-five cents; for attorneys' travel to Lynette, Alabama, and to Nashville, Tennessee on two occasions at twenty-two cents per mile, expenses would come to two hundred and thirty-seven dollars and sixty cents; long distance calls, fifty-five dollars; for copying or xeroxing expenses, five hundred and sixty-two dollars and fifty cents; for the expert witness fee of Mr. Edward Still, two hundred and seventy dollars, and the expert witness fee of Mr. David Arendall, two hundred and forty-five dollars; the total expenses due to be reimbursed to plaintiff by the defendant comes to two thousand nine hundred and ninety-seven dollars and eighty-five cents.

21. The Court concludes that the plaintiff is entitled to recover of the defendant the sum of thirty-one thousand five hundred dollars as a reasonable attorney's fee for Mr. Wiggins, plus the sum of twenty-four thousand four hundred and seventy-three dollars and seventy-five cents as a reasonable attorney's fee for Mr. Quinn, making a total of fifty-five thousand nine hundred and seventy-three dollars and seventy-five cents as a reasonable attorney's fee.

22. Further, plaintiff is entitled to recover his reasonable expenses of two thousand nine hundred and ninety-seven dollars and eighty-five cents.

Therefore, judgment will be entered against the defendant, Oman Construction Company, and in favor of plaintiff's counsel, Robert Wiggins and Michael Quinn, in the total amount of fifty-eight thousand, nine hundred and seventy-one dollars and sixty cents.

23. An award of three hundred and forty-five dollars as attorney's fees for plaintiff's former counsel, Robert Childs, will also be included in the judgment.