William LATTIMORE,
Plaintiff-Appellee,

v.

OMAN CONSTRUCTION,
Defendant-Appellant,

Bill White, Defendant.

No. 85–7790.

United States Court of Appeals,
Eleventh Circuit.

Aug. 4, 1986.

Charles K. Howard, Jr., Elarbee, Thompson & Trapnell, Joseph M. Freeman, Atlan-

ta, Ga., William B. Hairston, Jr., Engel, Hairston, Moses & Johanson, Birmingham, Ala., for defendant-appellant.

Robert L. Wiggins, Gordon, Silberman, Wiggins & Childs, Birmingham, Ala., for plaintiff-appellee.

Before HILL, Circuit Judge, HENDERSON [*], Senior Circuit Judge, and LYNNE [**], Senior District Judge.

PER CURIAM:

The sole issue presented in this appeal is whether the district court improperly enhanced the attorney fee awarded to plaintiff-appellee William Lattimore, who prevailed in a Title VII race discrimination case against defendant-appellant Oman Construction Company (Oman). *See* 42 U.S.C. § 2000e *et seq.* Lattimore sued Oman in the United States District Court for the Northern District of Alabama, successfully proving that Oman fired him because of his race. The court awarded Lattimore $25,675.53 for lost earnings and prejudgment interest. As the prevailing party, Lattimore sought reasonable attorneys' fees of $33,235.00,[1] *see* 42 U.S.C. § 2000e-5(k), and also moved the court to enhance this amount by 100 percent. The district court awarded Lattimore $55,973.75, or approximately 68 percent more than the $33,-235.00 requested, or lodestar, amount. Oman does not dispute the reasonableness of the lodestar figure on appeal, but contends that the 68 percent enhancement was improvidently granted.

The Supreme Court of the United States has stated that the results obtained in a case "generally will be subsumed within other factors used to calculate a reasonable fee, [and] normally should not provide an independent basis for increasing the fee award." *Blum v. Stenson,* 465 U.S. 886, 900, 104 S.Ct. 1541, 1549, 79 L.Ed.2d 891, 903 (1984). The lodestar figure therefore "is presumed to be the reasonable fee," *id.* at 897, 104 S.Ct. at 1548, 79 L.Ed.2d at 891, and an enhancement may be justified only " 'in some cases of exceptional success.' " *Id.* at 901, 104 S.Ct. at 1550, 79 L.Ed.2d at 903 (quoting *Hensley v. Eckerhart,* 461 U.S. 424, 435, 103 S.Ct. 1933, 1940, 76 L.Ed.2d 40, 52 (1983)).

It is not clear exactly what constitutes "exceptional success." This court has wrestled with the problem. *See Jones v. Central Soya Co.,* 748 F.2d 586 (11th Cir.1984); *Phillips v. Smalley Maintenance Services, Inc.,* 711 F.2d 1524 (11th Cir.1983). It is certain, however, that the Supreme Court has differentiated "exceptional" and "excellent" results, and held that enhanced attorney awards are proper only when counsel achieves the former. *Jones,* 748 F.2d at 591. As we noted in *Jones,* completeness of success, "legal and factual hurdles, the economies of time and skill involved, the monetary award and the law created [may be weighed] in evaluating whether a result is 'exceptional.' " *Id.*

The pivotal analytic point is that many factors which arguably demonstrate "exceptional" results are effectively rewarded

---

[*] *See* Rule 3(b), Rules of the U.S. Court of Appeals for the Eleventh Circuit.

[**] Honorable Seybourn H. Lynne, Senior U.S. District Judge for the Northern District of Alabama, sitting by designation.

1. The requested fee, known as the "lodestar" amount, is derived by multiplying the reasonable hours worked on a case by a reasonable hourly charge. *See Hensley v. Eckerhart,* 461 U.S. 424, 434, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40, 51 (1983). In this case one of Lattimore's attorneys, Michael Quinn, sought compensation for 139.85 hours of work at $100.00 per hour

and the other attorney, Robert L. Wiggins, Jr., 157.3 hours at $110.00 per hour. The reasonableness of the award is determined by evaluating twelve factors set forth in *Johnson v. Georgia Highway Express,* 488 F.2d 714, 717–19 (5th Cir.1974). In *Bonner v. City of Prichard,* 661 F.2d 1206 (11th Cir.1981) (en banc), this court adopted as precedent all decisions of the former Fifth Circuit decided prior to October 1, 1981.

"Computing a 'lodestar' figure first and then adjusting it in light of other considerations is a widely accepted practice." *Jones v. Central Soya Co.,* 748 F.2d 586, 589 n. 3 (11th Cir.1984).

in arriving at the lodestar amount of reasonable hours times reasonable rate and therefore do not also justify an enhancement. For example, the Supreme Court noted in *Blum* that an attorney may possess special skill and experience that results in "the expenditure of fewer hours than counsel normally would be expected to spend on a particularly novel or complex issue." *Blum*, 465 U.S. at 898, 104 S.Ct. at 1549, 79 L.Ed.2d at 902. Nevertheless, "in those cases, the special skill and experience of counsel should be reflected in the reasonableness of the hourly rates. Neither complexity nor novelty of the issues, therefore, is an appropriate factor in determining whether to increase the basic fee award." *Id.* at 898–99, 104 S.Ct. at 1549, 79 L.Ed.2d at 902.[2] Quality of representation is another factor that normally is reflected in a reasonable rate and can support an enhancement only if the result obtained was "exceptional." *Id.* at 899, 104 S.Ct. at 1549, 79 L.Ed.2d at 902.[3]

In Lattimore's case the district court predicated its conclusion on two basic factors. First, Lattimore's counsel achieved "exceptional results." Second, payment was "wholly contingent on success."

The results obtained were exceptional, according to the district court, because Lattimore "obtained all [the relief] that he could legally obtain" given the circumstances of the case.[4] Additionally, the court found it "significant that in this discharge case based on race under Title Seven, [Lattimore] prevailed. In the ordinary discharge case based on race here in the Northern District of Alabama, the plaintiff does not prevail. So in that context, the results may be considered exceptional."

■ These two factors do not withstand scrutiny. First, the relative success ratio of various types of Title VII cases in particular federal district courts may not establish "exceptional" results. Title VII cases, regardless of their underlying discriminatory bases, are all subject to the same burden of proof, and all district courts are required to apply the same law in the same manner.[5] "Personalizing" attorneys' fees for a particular cause of action in a particular district court by allowing an enhancement based on past success ratios in that court is a potentially dangerous, divisive and damaging step that we specifically decline to take.[6] To the extent the district court in-

2. The district court found that this "was not a case of first impression, and ... did not involve any novel or difficult questions of law." The court also noted, however, that "the factual inquiries were complex as they required an examination of voluminous documents."

3. Although only "average legal skill was required" of Lattimore's counsel, they displayed "high and considerable legal skill which effectively resulted in fewer hours" expended than would have been true for less skilled attorneys according to the district court.

4. The district court did not grant the injunctive relief sought by Lattimore "for the sole reason that by the time the case came to trial, [Oman] was no longer engaged in business in the Northern District of Alabama."

5. Whatever perceived statistical variances exist may result from a countless number of variables. As one obvious example, an economically depressed area is likely to have more firings and layoffs (and a concomitant rise in Title VII discharge cases) than an area experiencing an economic boom. The variables are too great

and the accuracy of such analysis too problematic to allow such court by court discrepancy to form the basis for enhancing attorneys' fees.

6. Indeed, in its brief to this court Oman takes the next logical step and personalizes results to individual judges by arguing that Lattimore's success was not exceptional because the district court judge before whom this case was tried had found for the plaintiff in such suits in six of seven previous cases. Appellant's Brief on Appeal at 14. Lattimore takes justifiable offense at such an "informal poll" and complains that such polling is inappropriate. Appellee's Brief on Appeal at 34–37. We agree, but note that the "polling" of various district courts is as odious, unfair and untrustworthy as "polling" the decisions of a specific judge.

Even were such an analysis acceptable, the district court in this case cited no data to support its contention that race discharge cases normally fail in the Northern District of Alabama. Conclusory statements alleging exceptional results are insufficient to justify enhancing attorneys' fees awards. *See Blum*, 465 U.S. at 898–902, 104 S.Ct. at 1548–50, 79 L.Ed.2d at 901–04.

creased Lattimore's attorneys' fees based on such analysis, it was in error.

■ The district court also erred by enhancing the award because Lattimore "obtained all [the relief] that he could legally obtain." *Jones* makes clear that success, even total success, does not demand an increased fee award. *Jones,* 748 F.2d at 590–91; *Blum,* 465 U.S. at 900, 104 S.Ct. at 1549, 79 L.Ed.2d at 903. Such success is but one factor to weigh, *Jones,* 748 F.2d at 591, and the lodestar amount merits enhancement only if the result is "exceptional," not merely "excellent." *Id.* In other words, a plaintiff who receives all the relief he sought may or may not have procured an exceptional result. Barring some other substantiated, nonconclusory explanation demonstrating such results, a full recovery is not sufficient, by itself, to trigger an enhancement. *Id.* at 590–92; *see also Blum,* 465 U.S. at 898, 104 S.Ct. at 1548, 79 L.Ed.2d at 901. No such proof was forthcoming here.

■ The district court's second basis for increasing the fee—i.e., that the fee was wholly contingent on success[7]—is a thorny issue as yet unresolved by the Supreme Court. *See Blum,* 465 U.S. at 901 n. 17, 104 S.Ct. at 1550 n. 17, 79 L.Ed.2d 903 n. 17 (specifically declining to decide whether the risk of not prevailing "may ever justify an upward fee adjustment"). The difficulty in increasing attorneys' fees based on contingency fee arrangements is that such a process arguably compensates an attorney for his losing cases, yet 42 U.S.C. § 2000e–5(k) permits attorneys' fees only to the prevailing party. *See Murray v. Weinberger,* 741

F.2d 1423, 1430–32 (D.C.Cir.1984). This circuit has a well-established rule, however, "that a contingency fee arrangement may justify an increase in an award of attorney's fees." *Jones,* 748 F.2d at 591.

■ We agree with the court in *Murray* that a close reading of *Blum* indicates that an enhancement of attorneys' fees based on the contingency nature of the representation is proper only when the case is an "exceptional one." *Murray,* 741 F.2d at 1432. *See Laffey v. Northwest Airlines,* 746 F.2d 4, 26–29 (D.C.Cir.1984) (enhancement proper only when risk accepted was exceptional). As discussed earlier, neither the district court nor Lattimore established that this was an exceptional case or that Lattimore's attorneys achieved exceptional results.[8]

As a final matter, Oman moved to supplement the record on appeal with two of the memoranda of law it submitted to the district court. This motion is DENIED.

The judgment of the district court is REVERSED and the case REMANDED for the entry of a judgment for Lattimore's attorneys' fees in the amount of $33,235.00 plus interest.

---

**7.** The court also pointed to the four-year delay in the payment of the fee as justifying an increase. A delay in payment warrants an increase in the fee awarded "if the hourly rate for attorneys' fees is based on historical rates." *Jones,* 748 F.2d at 593. Such an adjustment is necessary because the historical rate "reflect[s] the reasonable attorney's fee at the time the work was performed [; therefore,] an adjustment may be necessary to compensate for inflation and interest." *Id.* The lodestar amount in this case incorporated counsels' updated current rate rather than the rate they charged at the time of the trial. An upward adjustment therefore was not authorized under *Jones.*

**8.** We note that the Supreme Court recently decided that a district court's discretion to award attorneys' fees under 42 U.S.C. § 1988 is not limited by the amount of relief realized by the plaintiff. *See City of Riverside v. Rivera,* — U.S. —, 106 S.Ct. 2686, 91 L.Ed.2d 466 (1986). This issue was not raised before the district court or here and consequently does not affect our result. However, another recent Supreme Court opinion does support our result in this case. *See Pennsylvania v. Delaware Valley Citizens Council,* — U.S. —, 106 S.Ct. 3088, 92 L.Ed.2d 439 (1986).