**William LATTIMORE, Plaintiff,**

v.

**OMAN CONSTRUCTION, et al., Defendants.**

**Civ. A. No. 82–C–1531–S.**

United States District Court, N.D. Alabama, S.D.

June 28, 1988.

Michael Quinn and Robert Wiggins, Gordon, Silberman, Wiggins & Childs, Birmingham, Ala., for plaintiff.

Brent L. Wilson admitted pro hac vice and William B. Hairston, Jr., Engel, Hairston, Moses & Johanson, Birmingham, Ala., and Charles K. Howard, Jr., Robert J. Martin, Jr. and Joseph M. Freeman, Elarbee, Clark & Paul, Atlanta, Ga., for defendants.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW ON REMAND

CLEMON, District Judge.

1. Findings 1–10, 11–15, and 20, dictated into the record at the end of the first attorney's fee hearing and reported at 644 F.Supp. 22–24, are incorporated by reference herein as if fully set forth.

2. Since the original order granting attorney's fees, defendant concedes that plaintiff's counsel have reasonably expended the following hours in this case:

| | |
|---|---|
| Robert L. Wiggins | 626.25 |
| Michael Quinn | 144.25 |
| Ann Norton | 6.10 |
| James Mendelsohn | 5.90 |

Melinda Denham      20.65
Phillip Garrison      1.25
Robert Childs      4.92
Richard Ebbinghouse      3.91
Larry Menefee      48.9

Paralegals employed by the law firm representing plaintiff have reasonably expended 37.64 hours in preparing the case for the attorney's fee hearing.

3. The reasonable, non-contingent current hourly rates for plaintiff's counsel are as follows:

Robert L. Wiggins      $135
Michael Quinn      125
Ann Norton      85
James Mendelsohn      85
Melinda Denham      85
Phillip Garrison      85
Robert Childs      135
Richard Ebbinghouse      110
Larry Menefee      120

4. The services performed by plaintiff's counsel on appeal were essential to the preservation and ultimate success of the claim for enhanced fees.

5. The relevant market for legal services is the Northern District of Alabama, consisting of the thirty-one northernmost counties of the State.

6. Roughly half (48%) of the lawyers in Alabama practice in the Northern District.

7. In contingency cases, the relevant market compensates for legal services at hourly rates which range from two to eight times the non-contingent rates. These enhanced contingency rates have been very successful in attracting and retaining practitioners in such traditional areas of the law as personal injury, business torts, collections, products liability, medical malpractice, and securities.

8. There is a dearth of attorneys willing to represent plaintiffs in employment discrimination cases on a contingency basis in the relevant market. Of the 2073 members of the Birmingham Bar Association, accounting for 39% of the bar of the State, less than 10 have indicated to the Lawyer Referral Service of the bar association that they are willing to handle such cases. The supervisor of the referral service testified credibly that fully a third of the requests for referrals involve claims of employment discrimination; and that employment discrimination cases are the most difficult category of cases sought to be placed.

9. Because of the difficulty of obtaining counsel in the marketplace, plaintiffs frequently request the Court to appoint counsel for them. This judge has experienced substantial difficulty in finding capable and experienced counsel willing to accept such appointments.

10. In recent years, several of the most capable and experienced Title VII plaintiff's lawyers have either ceased undertaking such cases on a contingency basis altogether or drastically reduced the number of Title VII cases they will undertake. Plaintiff's counsel, and their law firm, are the only lawyers in the relevant market who regularly undertake such contingent cases on a regular basis.

11. Without enhancement, plaintiff would have faced substantial, and probably insurmountable, difficulties in finding counsel in the relevant market.

12. In order to attract competent counsel in the local and relevant markets to represent a plaintiff in a Title VII case on a contingency basis, it is essential that the lodestar hourly rate be enhanced by 100%, at the very least.

13. To compensate co-counsel Robert L. Wiggins and Michael Quinn for the delay in payment, their historical rates should be adjusted by the applicable IRS prime rates.

14. Plaintiff's counsel Robert L. Wiggins and Michael Quinn are entitled to a lodestar figure of $100,154.58 for their legal services rendered in this case, based on their historical non-contingent rates, as adjusted. This amount is due to be enhanced by 100%, bringing it to a total of $200,309.16.

15. The following counsel are entitled to the indicated enhanced fees for services rendered:

Ann Norton      $1,037.00
James Mendelsohn      1,003.00
Melinda Denham      3,510.00
Phillip Garrison      212.50
Robert Childs      1,328.40
Richard Ebbinghouse      860.20

16. Counsel Larry Menefee is entitled to $6,164.28 for legal services rendered and expenses incurred in this case.

17. A reasonable hourly rate for paralegals is $20. Therefore, plaintiff's counsel are entitled to recover $752.80 for paralegal services rendered in this case.

18. Plaintiff's counsel have reasonably incurred $1,163.67 in out-of-pocket expenses. They are entitled to reimbursement for these expenses.

By separate order, the Court shall enter judgment accordingly.