William LATTIMORE,
Plaintiff–Appellee,

v.

OMAN CONSTRUCTION,
Defendant–Appellant,

Bill White, Defendant.

No. 88–7445.

United States Court of Appeals,
Eleventh Circuit.

March 24, 1989.
Rehearing and Rehearing In Banc
Denied April 28, 1989.

tinguishable and does not compel the conclusion that the present controversy is ripe for judicial consideration.

**438**

Elarbee, Clark & Paul, Charles K. Howard, Jr., Brent L. Wilson, Atlanta, Ga., Engel, Hairston & Johanson, PC, William B. Hairston, Jr., Birmingham, Ala., for defendant-appellant.

Gordon, Silberman, Wiggins & Childs, Robert L. Wiggins, Jr., Birmingham, Ala., for plaintiff-appellant.

Before FAY and ANDERSON, Circuit Judges, and HENDERSON, Senior Circuit Judge.

PER CURIAM:

The appellee, William Lattimore, successfully sued his former employer, the appellant Oman Construction Company ("Oman"), for discriminatory discharge under Title VII of the Civil Rights Act of 1964. The district court's award included compensation for the appellee's lost earnings, prejudgment interest on those earnings, and attorneys' fees and costs. At the hearing on attorneys' fees, Lattimore sought $33,235.00 in reasonable attorneys' fees pursuant to 42 U.S.C. § 2000e–5(k) and also requested a 100% enhancement of

this lodestar amount.[1] The court granted an enhancement of 68.4% of the lodestar for a total of $55,973.75. *See Lattimore v. Oman Constr.*, 644 F.Supp. 22 (N.D.Ala. 1985).

On appeal, this court reversed on the grounds that enhancement of attorneys' fees based on the contingent nature of the representation was improper where, as here, counsel did not achieve "exceptional" results. We remanded the case to the district court with directions that the court enter a judgment in the original lodestar amount of $33,235.00. *See Lattimore v. Oman Constr.*, 795 F.2d 930 (11th Cir. 1986). A year later, this court, sitting *en banc*, vacated that decision and remanded to the district court for further evidentiary factfinding and reconsideration in light of an intervening United States Supreme Court decision, *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air* ("*Delaware Valley II*"), 483 U.S. 711, 107 S.Ct. 3078, 97 L.Ed.2d 585 (1987). *See Lattimore v. Oman Constr.*, 832 F.2d 560 (11th Cir.1987).

Following the fee hearing on remand, the district court awarded the appellee attorneys' fees and costs in the sum of $210,-176.73, which included a 100% enhancement of the recalculated lodestar amount[2] as well as $6,164.28 in attorneys' fees for Lattimore's counsel on appeal. Oman appealed from this award.

Although we entertain some doubts as to whether the facts underlying this case justify an enhancement in the first place, Oman waived this issue on several occasions during the hearing on remand. Oman admitted that some enhancement was proper under the standards set forth in *Delaware Valley II, supra*, challenging only the degree of the enhance-

---

1. The "lodestar" is calculated by multiplying the reasonable hours worked on a case by a reasonable hourly rate. *See Hensley v. Eckerhart*, 461 U.S. 424, 434, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40, 51 (1983). Oman concedes that the number of hours expended by plaintiff's counsel in prosecuting this case was reasonable.

2. To compensate for the delay in payment of fees, the district court revised the lodestar from

the original amount of $33,235.00 to $100,-154.58, based upon Lattimore's counsel's historical, noncontingent, hourly rates with interest calculated at the IRS adjusted prime rate. The figure derived from this accounting method represents the time value of money over the period of the litigation. *See Gaines v. Dougherty County Board of Education*, 775 F.2d 1565, 1572 n. 14 (11th Cir.1985).

ment.[3] As a general rule, an appellate court will not consider a legal issue or theory raised for the first time on appeal. *United States v. Southern Fabricating Co.*, 764 F.2d 780, 781 (11th Cir.1985); *Sanders v. United States*, 740 F.2d 886, 888 (11th Cir.1984); *accord Denis v. Liberty Mut. Ins. Co.*, 791 F.2d 846, 848–49 (11th Cir.1986). Our discretion to address an argument not raised in the district court depends upon whether " 'it involves a pure question of law, and if refusal to consider it would result in a miscarriage of justice.' " *United States v. Southern Fabricating Co., supra,* 764 F.2d at 781 (quoting *Roofing & Sheet Metal Services, Inc. v. La Quinta Motor Inns, Inc.*, 689 F.2d 982, 990 (11th Cir.1982)). Because Oman explicitly conceded the fact-based issue of whether Lattimore initially was entitled to enhancement, we perceive no manifest injustice in rejecting the appellant's attempt to raise it on appeal.

■ *Delaware Valley II* established two prerequisites for enhancement of a fee award based on contingency. First, enhancement for risk is inappropriate "unless the applicant can establish that without an adjustment for risk the prevailing party 'would have faced substantial difficulties in finding counsel in the local or other relevant market.' " 483 U.S. at ——, 107 S.Ct. at 3091, 97 L.Ed.2d at 603 (O'Connor, J., concurring) (quoting plurality, *ante,* at

——, 107 S.Ct. at 3089, 97 L.Ed.2d at 601). Second, "compensation for contingency must be based on the difference in market treatment of contingent fee cases *as a class,* rather than on an assessment of the 'riskiness' of any particular case." *Id.* at ——, 107 S.Ct. at 3089, 97 L.Ed.2d at 601.[4]

At the hearing on remand, Lattimore presented the uncontroverted testimony of numerous practitioners with experience in the field of civil rights litigation. The district court concluded, based upon this testimony, that the relevant market for legal services enhanced fees for contingency as a class "by 100% at the very least" and that "[w]ithout enhancement, plaintiff would have faced substantial, and probably insurmountable, difficulties in finding counsel in the relevant market." The court found a "dearth" of attorneys willing to accept employment discrimination cases on a contingency basis in the Northern District of Alabama and noted as well the difficulties experienced both by the local bar association's lawyer referral service and the court itself in finding attorneys willing to accept such appointments. In support of its finding that enhancement by a factor of 100% or more was necessary to attract competent counsel in the relevant legal market, the court acknowledged that this market compensated for contingency in other comparable fields of the law at a rate ranging from two to eight times the noncontingent

---

**3.** The district court engaged in the following colloquy with Brent Wilson, counsel for the appellant:

THE COURT: And I take it you would concede that under the terms of the remand, I could find based on the evidence presently before me, that plaintiff's counsel is entitled to an enhancement.
MR. WILSON: Certainly, certainly.

At a later point in the proceedings, the following exchange occurred between Robert Wiggins, the appellee's counsel; Mr. Wilson; and the court:

MR. WIGGINS: Your Honor, one thing I don't think really came out too clearly, and defense counsel can correct me if I am wrong. It is my understanding in discussions with them that they don't contend that enhancement is improper. They are simply contesting the amount of enhancement.
THE COURT: Is that your position, Mr. Wilson?
MR. WILSON: Yes, Your Honor. I think that was the position maintained prior to the original fee.

**4.** Justice O'Connor agreed with the plurality that enhancement was not supported under the particular facts of the case, where the "novelty and difficulty of the issues presented" and the "potential for protracted litigation" were adequately reflected in the lodestar. *Delaware Valley II,* 483 U.S. at ——, 107 S.Ct. at 3089, 97 L.Ed.2d at 601 (quoting plurality, *ante,* at ——, 107 S.Ct. at 3087, 97 L.Ed.2d at 598). She disagreed, however, with the plurality opinion that enhancement of the lodestar to compensate for risk in contingency cases was impermissible under the usual fee-shifting statutes. *Id.* She also disagreed with the dissent's position which would have permitted extra enhancement for individual cases posing "exceptional" legal risk. Her conclusion thus forms the majority opinion and generally is recognized as the holding of the Court. *See e.g., Fadhl v. City and County of San Francisco,* 859 F.2d 649, 650 n. 1 (9th Cir.1988).

rates. We note also that the Middle District of Alabama recently found a 100% enhancement necessary "to meet [the] bottom-end requirement for employment discrimination cases in Alabama." *See Hidle v. Geneva County Board of Education,* 681 F.Supp. 752, 758 (M.D.Ala.1988).

The district court's findings of fact on the issue of attorneys' fees cannot constitute a basis for reversal unless they are "clearly erroneous" under Fed.R.Civ.P. 52(a). *Jones v. Central Soya Co.,* 748 F.2d 586, 592 (11th Cir.1984). In *City of Riverside v. Rivera,* 477 U.S. 561, 106 S.Ct. 2686, 91 L.Ed.2d 466 (1986), a majority of the United States Supreme Court acknowledged the extremely circumscribed standard of review accorded to the trial court's factfindings in a fee award case. Justice Powell clearly disagreed with the trial court's subsidiary findings on the fee issue as well as the amount of the fee awarded, but declined to reverse on the grounds that the clearly erroneous rule does not permit " 'a reviewing court [to] reverse the finding of the trier of fact simply because it is convinced that it would have decided the case differently.' " 477 U.S. at 584, 106 S.Ct. at 2699, 91 L.Ed.2d at 485–86 (Powell, J., concurring) (quoting *Anderson v. City of Bessemer City,* 470 U.S. 564, 573, 105 S.Ct. 1504, 1511, 84 L.Ed.2d 518, 528 (1985)).[5] Similarly, although we might find a 100% enhancement to be unwarranted under the circumstances of this case, we cannot say with certainty that the district court's findings of fact on the fee issue were clearly erroneous, and therefore we are bound to affirm.

 Oman also takes the untenable position that Lattimore is not entitled to appellate attorneys' fees under 42 U.S.C. § 2000e–5(k) because he was not a "prevailing party" in the first appeal.[6] Although this court initially decided the enhancement entitlement issue in the appellant's favor, that decision was vacated by the *en banc* court, which effectively divested Oman of its status as a "prevailing party." Moreover, Lattimore became the prevailing party when he obtained a judgment on the merits of his claim. *See Doe v. Busbee,* 684 F.2d 1375, 1381 (11th Cir.1982). It is well established that the fee-applicant's failure to "prevail on every contention raised in the lawsuit" is not a justification for reduction of the fee award. *Hensley v. Eckerhart,* 461 U.S. 424, 435, 103 S.Ct. 1933, 1940, 76 L.Ed.2d 40, 52 (1983). Lattimore undeniably achieved the "significant relief to which he was entitled under the civil rights laws" by prevailing on the issue of whether he was discriminatorily discharged from Oman's employment. *See Doe v. Busbee, supra,* 684 F.2d at 1381. In any event, we consider Lattimore to be a prevailing party on the appeal by virtue of the appellant's "voluntary actions," *id.,* since Oman specifically conceded the appropriateness of enhancement at the hearing on remand.

The judgment of the district court is AFFIRMED.

---

**5.** In *Rivera,* a sex discrimination case brought under Title VII, plaintiff was awarded $33,350.00 in damages and $245,456.25 in attorneys' fees. Justice Powell noted that "[o]n its face, the fee award seems unreasonable," yet found no basis upon which to hold the district court's findings of fact clearly erroneous. *City of Riverside v. Rivera,* 477 U.S. at 581, 106 S.Ct. at 2698, 91 L.Ed.2d at 484.

**6.** 42 U.S.C. § 2000e–5(k) provides:
In any action or proceeding under this subchapter the court, in its discretion, may allow the prevailing party, other than the Commissioner or the United States, a reasonable attorney's fee as part of the costs, and the Commission and the United States shall be liable for costs the same as a private person.

We dismiss Oman's alternative argument that recovery of attorneys' fees for appellate representation is precluded by this court's *en banc* mandate, made pursuant to Rule 39 of the Appellate Rules of Procedure, requiring each party to bear its own "costs" on appeal. In *Robinson v. Kimbrough,* 652 F.2d 458 (5th Cir.1981), the former Fifth Circuit Court of Appeals held that the *en banc* court's recitation that the plaintiffs pay the defendants' costs on appeal "cannot be construed as a judicial directive pertaining to attorney's fees under the Awards Act. Rule 39, ... the statutory authority for the order on costs, refers only to the usual costs of appeal." 652 F.2d at 463.