[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-12305
Non-Argument Calendar
_____

D.C. Docket No. 1:15-cr-00239-CG-B-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAMES MICHAEL STRICKLAND,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama
_____

(March 13, 2017)

Before JULIE CARNES, JILL PRYOR and BLACK, Circuit Judges.

PER CURIAM:

James Strickland appeals his conviction for possession of a firearm by a convicted felon under 18 U.S.C. § 922(g)(1). He argues the district court erred when it denied his motion for a judgment of acquittal, contending the Government did not present sufficient evidence at trial. He also presents, for the first time on appeal, a series of arguments as to why § 922(g)(1) is unconstitutional. After review,[1] we affirm.

## I.  DISCUSSION

Section 922(g)(1) makes it unlawful for a felon to possess a firearm in or affecting interstate commerce. 18 U.S.C. § 922(g)(1). Strickland and the Government stipulated as to the interstate commerce element and Strickland's status as a felon, leaving possession as the only open issue at trial. The Government was required to prove Strickland knowingly possessed the firearm. *United States v. Funches*, 135 F.3d 1405, 1406–1407 (11th Cir. 1998). According to Officer Looney, after his arrest Strickland admitted to her that the pistol found at the scene of the arrest belonged to him and that he had purchased it. Looney testified that both Strickland and his companion separately told her that both cars parked outside the trailer where they were apprehended, including the one in which

---

[1] "We review *de novo* a District Court's denial of judgment of acquittal on sufficiency of evidence grounds, considering the evidence in the light most favorable to the Government, and drawing all reasonable inferences and credibility choices in the Government's favor." *United States v. Capers*, 708 F.3d 1286, 1296 (11th Cir. 2013) (citation omitted).

the firearm was found, were "theirs." The Government also introduced evidence that Strickland pled guilty to receiving the stolen gun in state court.

Strickland asserts and the Government does not dispute that the Government proffered no fingerprint evidence; however, Officer Looney testified that she did not request fingerprints because Strickland admitted the gun was his. Strickland also notes that the car in which the gun was found had been rented in the name of his companion, not Strickland's. In essence, Strickland asserts the jury should not have believed the testimony of Officer Looney. But because "all factual and credibility inferences are drawn in favor of the government, the jury's verdict must stand unless no reasonable factfinder could have found [Strickland] guilty beyond a reasonable doubt." *United States v. Taylor*, 417 F.3d 1176, 1182 (11th Cir. 2005) (holding that officers' testimony that defendant dropped a dark object while being chased and that officers later recovered a firearm in the same vicinity was sufficient evidence to affirm the jury's conviction). A reasonable jury could have found Strickland guilty beyond a reasonable doubt based on his and his companion's admissions with respect to ownership of the cars and the gun itself. We have upheld convictions on less compelling evidence than this. *See id.*; *United States v. Jernigan*, 341 F.3d 1273, 1279–80 (11th Cir. 2003) (upholding convictions of the owner and driver of a vehicle and his codefendant passenger where the weapon was found within reach of both, the statements of the

codefendant implicated the owner, and the weapon was found wrapped in a red bandana signifying the known gang membership of the codefendant).

Strickland's assertions that § 922(g)(1) is unconstitutional fall short as well. Strickland raises these arguments only on appeal, and "[a]s a general rule, this court will not address an issue not decided by the district court." *United States v. McAllister*, 77 F.3d 387, 389 (11th Cir. 1996). In *McAllister*, we elected to address the defendant's constitutional challenge even though it had not been raised to the district court because the Supreme Court case on which the defendant relied on appeal had not been decided at the time of his trial. *Id.* That is not the case here, and we find no other reason to exercise our discretion to conduct a constitutional analysis. Strickland's theories are tenuous and unsupported by authority, and declining to address them will not result in a miscarriage of justice. *Id.* (citing *Lattimore v. Oman Constr.*, 868 F.2d 437 (11th Cir. 1989)).

## II. CONCLUSION

For the foregoing reasons, the evidence was sufficient to convict Strickland.

**AFFIRMED.**