[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-14636
Non-Argument Calendar
_____

D.C. Docket No. 1:14-cv-01188-RWS

MYRA FURCRON,

Plaintiff-Appellee,

versus

MAIL CENTERS PLUS, LLC,

Defendant-Appellant.

_____

Appeals from the United States District Court
for the Northern District of Georgia
_____

(June 12, 2019)

Before WILSON, BRANCH, and JULIE CARNES, Circuit Judges.

PER CURIAM:

Mail Centers Plus, LLC (MCP) appeals the district court's orders awarding attorneys' fees to the plaintiff, Myra Furcron, in her lawsuit alleging sexual harassment under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e. MCP argues that the district court abused its discretion by granting Furcron's motion for attorneys' fees because Furcron declined MCP's $20,000 offer of judgment early in the litigation, and then failed to obtain an outcome that was more favorable than that offer. *See* Fed. R. Civ. P. 68(d). Because we altered the relief granted in a separate appeal, *see Furcron v. Mail Ctrs. Plus, LLC*, No. 18-12598 (11th Cir. June 12, 2019) (*Furcron I*), we remand for the district court to determine whether the remaining relief is more favorable than the $20,000 offer.

I.

Furcron sued her former employer, MCP, in Georgia state court alleging that another employee, Danny Seligman, sexually harassed her and, after she complained, the company retaliated against her by firing her. She asserted that MCP's actions constituted impermissible sex discrimination and retaliation in violation of her Title VII rights.

MCP removed Furcron's action to federal court. Following discovery, MCP moved for summary judgment on both claims, which the district court granted. On appeal, we affirmed the grant of summary judgment on her retaliation claim and

2

vacated and remanded on her sexual harassment claim.  *Furcron v. Mail Ctrs. Plus, LLC*, 843 F.3d 1295 (11th Cir. 2016).

Following a jury trial, the jury determined that Seligman harassed Furcron, the harassment created a hostile work environment, her supervisor knew or should have known of the hostile work environment, and her supervisor failed to take prompt remedial action to eliminate the hostile work environment.  The jury found that Furcron suffered damages because of the hostile work environment, but concluded that she should not be compensated for her emotional pain and mental anguish.

Furcron then moved for equitable relief, a new trial on damages, and attorneys' fees.  The district court granted equitable relief—namely, it ordered MCP to (1) retrain company management regarding Title VII compliance and (2) include a copy of the verdict in Furcron's personnel file.  The district court denied Furcron's motion for a new trial.  Finally, the district court granted Furcron's motion for attorneys' fees.

On appeal, we affirmed in part and vacated in part.  *Furcron I*, No. 18-12598.  At the outset, we determined that the district court's decision to award attorneys' fees was not reviewable because the district court had yet to determine the amount owed.  *See id.*  Regarding the equitable relief, we vacated the part of the order requiring MCP to retrain company management because Furcron would

not benefit from the training, as she no longer worked at MCP.  *See id.*  We affirmed, however, the part of the district court's order that required MCP to include the verdict in Furcron's personnel file.  *See id.*  We likewise affirmed the court's decision to deny Furcron's motion for a new trial.  *See id.*

While that appeal was pending, the district court determined that Furcron was entitled to $284,996.56 in attorneys' fees.  MCP appealed.  In the instant appeal, the questions before us are (1) whether the district court should have awarded attorneys' fees, and, if so, (2) whether the district court correctly calculated the appropriate amount.  MCP argues that Furcron is not entitled to attorneys' fees because the minimal relief she obtained is less favorable than its pre-trial $20,000 offer of judgment.  *See* Fed. R. Civ. P. 68(d).

## II.

We review a district court's award of fees for abuse of discretion.  *McKenzie v. Cooper, Levins, & Pastko, Inc.*, 990 F.2d 1183, 1184 (11th Cir. 1993).  "A district court abuses its discretion by applying an incorrect legal standard, following improper procedures, or basing its award on clearly erroneous factual findings."  *Smith v. Psychiatric Sols., Inc.*, 750 F.3d 1253, 1259 (11th Cir. 2014) (citation omitted).

Under Federal Rule of Procedure 68, a party defending a claim may serve an opposing party with an offer to allow judgment on specified terms, with the costs

4

accrued up to that point.  Fed. R. Civ. P. 68(a).  The party served with the offer has 14 days to accept it.  *Id.*  If the opposing party declines the offer, and the judgment she ultimately receives "is not more favorable" than the offer, she must pay the costs incurred after the offer was made.  Fed. R. Civ. P. 68(d).  This "cost-shifting" provision encourages plaintiffs to accept reasonable offers.  *Util. Automation 2000, Inc. v. Choctawhatchee Elec. Co-op., Inc.*, 298 F.3d 1238, 1240–41 (11th Cir. 2002).

In a Title VII action, the district court may allow the prevailing party to recover a reasonable attorneys' fee as part of the costs.  42 U.S.C. § 2000e-5(k). And because the enforcement provision of Title VII defines costs to include attorneys' fees, the cost-shifting provision of Rule 68 also applies to attorneys' fees in Title VII cases.  *Canup v. Chipman-Union, Inc.*, 123 F.3d 1440, 1445 (11th Cir. 1997) (citing *Marek v. Chesny*, 473 U.S. 1, 9 (1985)).  The Supreme Court has suggested that costs incurred prior to a Rule 68 offer should be added to the damages awarded to determine whether the ultimate recovery was more favorable than the offer.  *See Marek*, 473 U.S. at 7, 11 (holding that, under Rule 68, costs could be shifted to the plaintiff in a § 1983 action because he rejected a judgment offer that exceeded the sum of his damages and pre-offer cost).

Here, the district court concluded that Rule 68 was inapplicable, reasoning that, "[i]n light of the important role equitable relief plays in the Title VII

5

context, . . . [T]he judgment obtained by Plaintiff is more favorable than the unaccepted offer."[1]  But, we have since vacated part of the district court's order granting equitable relief. *Furcron I*, No. 18-12598.  Although we affirmed the district court's decision to the extent that it required MCP to include a copy of the complaint and verdict in Furcron's personnel file, we vacated the portion of the order that ordered MCP to institute additional training. *Id.*  Because we modified the equitable relief granted, we must vacate the order awarding attorneys' fees and remand for the district court to consider whether the existing equitable relief is "more favorable" than the $20,000 offer. *See* Fed. R. Civ. P. 68(d).

**VACATED AND REMANDED.**

---

[1] The district court did not explain how it determined that Furcron's equitable relief was more favorable than the $20,000 offer, nor did it make any finding as to what Furcron's costs were at the time MCP made the offer.