PER CURIAM.
The summary judgment under review declared constitutional Section 370.151(2), Florida Statutes (1985), against the appellants’ contention that the federal government, through the enactment of both the Magnuson Fishery Conservation and Management Act, 16 U.S.C. §§ 1801-1882 (1982), and the Gulf of Mexico Shrimp Fishery Management Plan, 50 G.F.R. § 658.22, has pre-empted any state regulation of shrimping activities in the area described in Section 370.151(2), Florida Statutes (1985).[1]
*511 The judgment of the lower court recited in pertinent part:
“1. There is no genuine issue of material fact.
“2. Section 370.151(2)(a), Florida Statutes, provides a metes and bounds description of the location of the Tortugas Shrimp Beds, an area wherein shrimping is prohibited at all times, except for live bait production.
“3. This statutorily described area lies within and without the territorial waters of the State of Florida.
“4. The Magnuson Fishery Conservation and Management Act, 16 U.S.C. § 1801, et seq., provides for federal regulation over the Fishery Conservation Zone, an area extending seaward for 200 miles from the seaward boundary of each coastal state. The Magnuson Act provides an exception to exclusive federal control over fish within the Fishery Conservation Zone for vessels engaged in fishing outside the boundaries of a state and registered under the laws of such state, 16 U.S.C. § 1856(a).
“5. The State of Florida may regulate the fishing activities of its registered vessels beyond the state’s territorial waters when there is no conflict with a federal regulatory plan managing the same fishery. Livings v. Davis, 465 So.2d 507 (Fla.1985).
“6. The Gulf of Mexico Shrimp Fishery Management Plan prohibits trawling for shrimp in an area known as the ‘Tor-tugas Shrimp Sanctuary,’ described at 50 C.F.R. Section 658.22, pre-empting Florida prohibition of shrimping except live bait production in that area.
“7. Section 370.151, Florida Statutes, does not extend the territorial boundaries of the State of Florida, but describes that portion of state and federal waters within which the statutory prohibition applies, absent federal pre-emption.
“8. Section 370.151(2), Florida Statutes, is constitutional, and may be legally applied to state-registered vessels engaged in shrimping activity in those areas of the Tortugas Shrimp Beds within the statutorily described area and lying outside the federal shrimp sanctuary. It is, therefore
“ORDERED AND ADJUDGED that:
“1) Plaintiff’s Amended Motion for Summary Judgment is hereby denied.
“2) Defendant’s Motion for Summary Judgment is hereby granted, and Section 370.151(2), Florida Statutes, is hereby declared to be constitutional, and may be legally applied to state-registered vessels engaged in shrimping activity in those areas of the Tortugas Shrimp Beds within the statutorily described area and lying outside the federal shrimp sanctuary.”
We conclude that the lower court’s judgment is correct in all respects, and it is, accordingly,
Affirmed.

. The statute, which prohibits shrimping in the area described, provides:
"(2) Tortugas Shrimp Bed is described as follows:
"(a) Begin at Coon Key Light in Collier County; thence proceed on a straight line to a point which is located at 24°54'30" north latitude and 81°50'30" west longitude; thence proceed on a straight line to a point located at 24°48'00" north latitude and 82°00'00" west longitude; thence proceed on a straight line to a point located at 24°45'00" north latitude and 82°22'30" west longitude; thence proceed on a straight line to Rebecca Shoals Light; thence proceed on a straight line to R.B. Bell Buoy; thence proceed on a straight line to Cosgrove Shoal Light; thence proceed on a straight line to Sand Key Light; thence proceed northerly to the abandoned lighthouse located in the southwest portion of Key West; thence along the south and east meandered shoreline of the Florida Keys and the connecting viaducts between said Keys to 80°30'00" west longitude; thence north until a point on the mainland is reached; thence proceed west and north along the coast of the mainland of Florida until a point is reached which is located due north of the aforementioned Coon Key Light located in Collier County; thence due south to Coon Key Light, the point of beginning.
"(b) No shrimping shall be permitted at any time except live bait production as provided in this chapter in the above-described area." *511 The appellants, commercial shrimpers licensed by the State of Florida, who had been charged with violations of the statute, brought a complaint for declaratory and injunctive relief, asserting that the supremacy clause of the United States Constitution prohibited this state regulation.