**Freeman R. BATEMAN, Plaintiff,**

**v.**

**Tom GARDNER, individually, and as Executive Director of The Florida Dept. of Natural Resources, et al., Defendants.**

No. 87–10062–CIV.

United States District Court,
S.D. Florida.

July 11, 1989.

David Paul Horan & Associates, P.A. by Edward W. Horan, Key West, Fla., Dexter Lehtinen, U.S. Atty., U.S. Dept. of Justice, Land & Natural Resources Div., Wildlife & Marine Resources Section by Michael J. Markoff, Washington, D.C., for plaintiff.

Andrew S. Grayson, Asst. Gen. Counsel, Dept. of Natural Resources by Margaret S. Keniewicz, Robert A. Butterworth, Atty. Gen. by Eric J. Taylor, Tallahassee, Fla., for defendants.

### FINAL SUMMARY JUDGMENT

JAMES LAWRENCE KING, Chief Judge.

The court today faces several problems that have resulted from the apparently ad-

mirable efforts of Florida and the United States to protect an area of incredible natural beauty, the water surrounding the Dry Tortugas. To preserve the unique sea life in this area, both Florida and the federal government have enacted statutes and regulations that manage fishing in the region. The overall effect of this cooperative effort has been confusion, especially with respect to shrimping. The federal government bars shrimping in certain areas and allows it in others, while Florida prohibits its own shrimpers from shrimping in the entire area.

The plaintiff, a Florida resident and Florida licensed fisherman, brings this action under the Civil Rights Act and the United States Constitution, alleging that he is a victim of unfair discrimination. The recurring statement of the plaintiff's claim is a violation of the equal protection clause. The plaintiff notes that the Florida statute regulating shrimping prohibits Florida shrimpers from a certain area, but does not prohibit shrimpers registered in other states. The plaintiff seeks a declaration that the metes and bounds description of the shrimping area protected by Florida violates the United States Constitution, and directly conflicts with the Magnuson Act, 16 U.S.C. § 1801, *et seq.*, and the Gulf of Mexico Shrimp Fishery Management Plan, 50 C.F.R. 658, *et seq.* After considering the arguments of counsel on the cross-motions for summary judgment, the court finds the plaintiff's contentions are meritorious.

## PROCEDURAL HISTORY

In August of 1987, the plaintiff commenced this action seeking declaratory and injunctive relief against the state officials in charge of enforcing *Fla.Stat.Ann.* § 370.151, the Florida statute regulating shrimping in the Dry Tortugas. Shortly thereafter, both the plaintiff and the Florida officials cross moved for summary judgment.

After a hearing on the motions for summary judgment, on October 5, 1988, this court preliminarily determined that the plaintiff was being denied equal protection of law as a result of the combined operation of *Fla.Stat.Ann.* § 370.152 and 16 U.S.C. § 1856(a)(3), a key provision of the Magnuson Fisheries Act. The court ordered that the Attorney General of the United States be notified pursuant to 28 U.S.C. § 2403(a) because the plaintiff was making a constitutional challenge to an act of Congress.

On November 4, 1988, the United States sought intervention as a party plaintiff. The government sought to uphold the constitutionality of 16 U.S.C. § 1856(a)(3), and they contended that no equal protection violation occurred. The government argued that any constitutional challenge to the Florida statute is obviated by the fact that a federal statute preempted the state statute.

All the parties agree that no genuine issue of material fact exists, and, thus, this case can be decided as a matter of law. The court has reviewed memoranda in support of the motions for summary judgment and after reviewing the relevant statutory framework, the court grants the plaintiff's motion for summary judgment.

## STATUTORY FRAMEWORK

In 1976, Congress enacted the Magnuson Fishery Conservation and Management Act, 16 U.S.C. § 1801 *et seq.* The Act grants the federal government exclusive fishery management authority within the "Exclusive Economic Zone" ("EEZ"). 16 U.S.C. §§ 1801(b)(1), 1811(a). Presidential proclamation 5030, dated March 10, 1983, established the EEZ. The EEZ is a zone or border which extends from the outer boundary of each state's territorial waters to a line two-hundred miles off-shore. *See Proclamation* no. 5030, 3 C.F.R. 22–23 (1983 compilation). The territorial waters of each state are not a part of the EEZ.

The Magnuson Act provides that the states cannot regulate, directly or indirectly, any fishing vessel outside their respective territorial borders "unless the vessel is registered under the law of that state." 16 U.S.C. § 1856(a)(3). Prior to the enactment of the Magnuson Act, a state could regulate its state registered vessels and state citizens while fishing in what is now the EEZ pursuant to a line of Supreme Court cases culminating in *Skiriotes v. Florida*, 313 U.S. 69, 61 S.Ct. 924, 85 L.Ed. 1193 (1941).

In 1957, prior to the passage of the Magnuson Act, the Florida Legislature enacted *Fla.Stat.Ann.* § 370.151 for the conservation of the supply of shrimp. The state sets out an area of shrimp beds off the coast of the Florida Keys, known as "Tortugas Shrimp Bed," where shrimp trolling is prohibited. Much of this area is beyond the territorial limits of Florida. In its filings before this court, Florida acknowledges that it has no authority under the Magnuson Act to enforce *Fla.Stat.Ann.* § 370.151 against non-Floridians outside the state's territorial waters.

In 1981, the United States Secretary of Commerce implemented the Fishery Management Plan for the Shrimp Fishery of the Gulf of Mexico, as promulgated in 50 C.F.R. part 658. In recognition of the importance of protecting shrimp nursery beds, the management plan has set aside an area in the Gulf EEZ near the Florida Keys in which fishing is generally closed to all shrimp fisherman. 50 C.F.R. § 658.22. This area, known as the "Tortugas Shrimp Sanctuary," is entirely outside the territorial limits of the state of Florida.

The shrimp beds protected by 50 C.F.R. § 658.22 and *Fla.Stat.Ann.* § 370.151 substantially overlap. Nonetheless, a portion of the state-created "Tortugas Shrimp Bed," lying outside the territorial waters of the state of Florida and within the EEZ, is not included within the boundaries of the federally-created "Tortugas Shrimp Sanctuary." In this area, which is in dispute here, federal law permits shrimping, but the application of the Florida statute prohibits Floridian fisherman from doing so.

## DISCUSSION

For two reasons, the court finds that the defendant's application of *Fla.Stat.Ann.* § 370.151 is unconstitutional in part. Specifically, both the equal protection and supremacy clauses require that a limited part of this Florida statute be struck down.

■ The court specifically notes that the impetus for the filing of this action was discriminatory impact. The Florida Legislature desired to prohibit shrimping in this region. The legislature first prohibited all shrimpers from the state's own waters. The legislature, however, did not stop its prohibition here. The legislature used discretion given to them by the Magnuson Act and prohibited its own shrimpers from the federal area. The net effect of the Florida legislature's action was discrimination against its own citizens, for only they were prohibited from portions of the federal area. The Florida legislature's action in prohibiting its own shrimpers from the federal waters violated the equal protection clause. Moreover, the Florida legislature offered no reason for discriminating against its own citizens in favor of out of state shrimpers. The legislature did not have to prohibit Florida shrimpers from this area. Its decision to do so, however, violated the equal protection clause.

■ The operation of the supremacy clause also corrects this discrimination. The United States argues that the federal Fishery Management Plan for the shrimp Fishery of the Gulf of Mexico, as promulgated by the Secretary of Commerce, 50 C.F.R. Part 658, preempts *Fla.Stat.* § 370.151(2) insofar as the Florida statute prohibits the plaintiff from shrimping in the disputed area. The United States asserts that under preemption principles, the court can resolve the present controversy. Specifically, the federal government notes that preemption of the Florida statute as it applies to shrimping in the disputed area eliminates the unequal treatment of persons from different states, the problem which is of the greatest concern to this court.

Pursuant to the Supremacy Clause of the Constitution, Art. VI, cl. 2, the laws of the United States, including both federal statutes and federal regulations properly promulgated pursuant to statutory authorization, take precedence over state laws. *See, e.g., Hillsborough County, Florida v. Automated Medical Laboratories*, 471 U.S. 707, 714, 105 S.Ct. 2371, 2375, 85 L.Ed.2d 714 (1985). Preemption of state law by federal law can occur in several ways, including as a result of a conflict between federal and state law. *Id.* at 713–14, 105 S.Ct. at 2375; *Schneidewind v. ANR Pipe-*

**598**

*line Co.,* 485 U.S. 293, 108 S.Ct. 1145, 1150–1151, 99 L.Ed.2d 316 (1988). Such a conflict occurs when it is impossible to comply with both state and federal law, or when the state law stands as an obstacle to accomplishment of congressional purposes. *Schneidewind,* 108 S.Ct. at 1150–52.

In the present case, *Fla.Stat.* § 370.151(2) conflicts with the federal Gulf Shrimp Plan as promulgated by the Secretary of Commerce. Under the federal regulation, the plaintiff may take shrimp in the disputed area, while under the state statute, he may not. *See State v. Sterling,* 448 A.2d 785 (R.I.1982) (state fishing law conflicts with federal Magnuson regulation where federal regulation permits larger flounder take than does state law). Moreover, one purpose behind the promulgation of federal Magnuson regulation was to promote domestic commercial fishing. 16 U.S.C. § 1801(b)(3). The Florida statute stands as an obstacle to the accomplishment of this purpose by precluding Florida fishermen from participating in commercial shrimp fishing in the disputed area. Under preemption principles, this conflict must be resolved in favor of the enforcement of federal law. Accordingly, the court

ORDERS and ADJUDGES as follows:

1. *Florida Stat.Ann.* § 370.151(2) violates the equal protection clause of the U.S. Constitution insofar as it restricts only Florida shrimpers from federal waters.

2. 50 C.F.R. Part 658 preempts § 370.151(2) insofar as *Fla.Stat.Ann.* § 370.151(2) prohibits shrimping where the federal regulations allow it.

3. The defendants are enjoined from enforcing *Fla.Stat.Ann.* § 370.151(2) in a manner that violates the equal protection clause or conflicts with the applicable federal regulations.

DONE and ORDERED.