**1570**

Freeman R. BATEMAN, Sr., Plaintiff,

v.

Thomas GARDNER, Individually and as Executive Director of the Florida Department of Natural Resources; and Major Ronald McCullers, Individually and as Monroe County District IX Supervisor of the Florida Marine Patrol, Defendants,

and

United States of America, Intervenor.

No. 87–10062–CIV.

United States District Court, S.D. Florida.

Jan. 12, 1990.

## ORDER AWARDING ATTORNEY'S FEES AND COSTS

JAMES LAWRENCE KING, Chief Judge.

In August of 1987, the Plaintiff commenced this action seeking declaratory and injunctive relief against state officials who were in charge of enforcing Florida Statute section 370.151(2). This Florida Statute seeks to regulate shrimping in the area of the Lower Florida Keys and Dry Tortugas. On July 11, 1989, this court entered a Final Summary Judgment. *Bateman v. Gardner*, 716 F.Supp. 595 (S.D.Fla.1989). The Plaintiff succeeded in all aspects and secured an injunction against state interference with federally protected fishing rights based upon both the Equal Protection and Supremacy Clauses of the United States Constitution.

As prevailing party in this Title 42 U.S.C. § 1983 action, the Plaintiff filed a Motion for Award of Attorney's Fees and Costs pursuant to Title 42 U.S.C. § 1988. The original Motion, Memorandum of Law and supporting Affidavits were filed in August of 1989 with a Supplement filed in September, 1989 and a Final Supplement filed January 5th, 1990.

In September, 1989, the Defendants submitted an extensive Memorandum of Law in Opposition to the Plaintiff's Request for Attorney's Fees. Counsel for the Defendant stipulated in the Memorandum and in open Court that the hours reflected in the billing were reasonable; however, the Defendant's grounds for opposition to portions of the requested fees can be easily divided into three separate grounds. First, the Defendants argued that there was no entitlement to fees for "cases brought under the Supremacy Clause of the United States Constitution" and that the preemption and equal protection holdings by the Court were "not closely related and the research that went into each issue is distinct from the other". The Defendant's second argument was that the Magnuson Act, Title 16 U.S.C. § 1851 et seq. did not create any rights, privileges or immunities for individuals which would be actionable under Title 42 U.S.C. § 1983. Finally, the Defendants argued that "Plaintiff is entitled to no enhancement (of lodestar) whatsoever" in that "the issues were clear-cut and straight-forward". In arguing against any enhancement of lodestar, the Defendants stated that "Plaintiff has failed to produce any evidence that he would have been unable to hire counsel without the risk enhancement in the Key West or Miami area".

■ The Plaintiff, as the prevailing party in this civil rights litigation is entitled to an award of attorney's fees and costs. In holding that the Plaintiff is entitled to fees for all of the hours expended, the Court notes that while it is abundantly clear that the Supremacy Clause *of its own force* does not create rights enforceable under § 1983, the Magnuson Act itself and the Fishery Management Plans adopted under the Act do grant rights enforceable under § 1983. The Magnuson Act does not preclude a § 1983 remedy as it provides no mechanism to address state interference with federally protected fishing rights. As the Court pointed out on page 6 of its Final Summary Judgment, "under the federal regulation, the Plaintiff may take shrimp in the disputed area, while under the state statute, he may not." The Plaintiff showed that not only was Florida's enforcement a violation of federally protected fishing rights, but the enforcement violated Equal Protection rights in it's application.

The Plaintiff by relying on the Supremacy Clause to enjoin interference with federally protected fishing rights and by demonstrating violation of rights to equal protection under the law, has prevailed in this litigation under § 1983, therefore, all of the hours spent in both preemption and equal protection research are compensable under 42 U.S.C. § 1988.

The Court further holds that the Plaintiff's claims arose out of a common core of facts and involve related legal theories. The Court holds that all of the issues, supremacy/preemption/equal protection were interrelated and iextricably intertwined. It was pointed out in *Hensley v. Eckerhart*, 461 U.S. 424, 432, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40 (1983) that "where a law suit consists of related claims, a Plaintiff who has won substantial relief should not have his attorney's fees reduced simply because the District Court did not adopt each contention raised."

■ The Defendant's second argument that the Magnuson Act "does not create any rights, privileges, or immunities for individuals" is in error. The Magnuson Act was enacted to benefit and protect commercial fishermen like the Plaintiff. It mandated, under 16 U.S.C. § 1851(a)(4) that ... "conservation management measures shall not discriminate between residents of different states". An action under § 1983 certainly provides a mechanism to address state interference with federally protected fishing rights under the Magnuson Act.

■ The Plaintiff, a commercial fisherman, is the intended beneficiary of a feder-

al statutory scheme that gives all United States fishermen the continued right to make use of the federal fishery resources of the EEZ. The violation of a federal right that is implicit in a statute's language and structure is as much a "direct violation" of a right as is the violation that is clearly set forth in the text of the statute. *Golden State Transit Corp. v. City of Los Angeles,* —— U.S. ——, 110 S.Ct. 444, 107 L.Ed.2d 420 (1989).

■ The Defendant's final argument regarding enhancement of lodestar has been dealt with repeatedly by the federal courts. In March of 1989, the Eleventh Circuit decided *Lattimore v. Oman Construction,* 868 F.2d 437 (11th Cir.1989) and in July of 1989, the Ninth Circuit decided *Hasbrouck v. Texaco, Inc.,* 879 F.2d 632 (9th Cir.1989). Both of these cases held that a multiplier of lodestar is justified as an adjustment for the risk of not prevailing. In *Hasbrouck,* the Ninth Circuit recognized "that competent counsel would not undertake representation of Plaintiffs in cases such as this if they were only paid their regular hourly rates". In *Lattimore,* Judges Fay Anderson and Henderson, upheld the District Court's award by stating, "that the relevant market for legal services enhances fees for contingency as a class by one hundred (100%) percent at the very least and that without enhancement, Plaintiff would have faced substantial, and probably insurmountable, difficulties in finding counsel in the relevant market."

The Plaintiff, in support of his request for a 2.5 lodestar enhancement, submitted the Affidavits of three (3) attorneys possessing a total of over sixty (60 +) years of trial experience. In all three (3) Affidavits, the attorneys concluded that none of them (nor any other attorney they knew) would have taken this case on a contingent fee basis without a substantial increase over their regular hourly fee. Finally, the Court notes that in light of the past decision of the Third District Court of Appeals in the case of *Potter v. McCullers,* 505 So.2d 510 (Fla. 3rd DCA 1987), which affirmed the Circuit Court validation of the state's extraterritorial enforcement of

§ 370.151(2) over Florida citizens, it is clear that the chances for success at the outset of this litigation were very unlikely. Based upon the contingent risk taken any Plaintiff's counsel, the lodestar enhancement should range from approximately 1.5 (where success is more likely than failure at the outset) to as much as 2.5 to 3.0 (when the chances of success are unlikely at the time the case is initiated). See *FIGA and Ranger Insurance Co. v. R.V.M.P. Corp.,* 681 F.Supp. 806 (S.D.Fla.1988). It is the finding of this Court that an enhancement for contingency of 2.0 is appropriate for the hours expended by Plaintiff's counsel especially in this case where the outcome of the case was in doubt. For those hours expended since the Court determined Plaintiff to be the prevailing party, no enhancement of lodestar would be justified.

The Court having considered the factors set out in *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714 (5th Cir.1974), finds that 103.1 hours were spent by attorney David Paul Horan prior to the time the outcome of the case was decided by this Court and an additional 71.5 hours was spent by a Junior Partner in his firm, Edward W. Horan. The Court finds that the customary billing in the relevant legal community for services regarding equally complex federal litigation is $200.00 per hour for David Paul Horan and $150.00 per hour for Edward W. Horan. Multiplying these rates times the hours spent, the lodestar subject to enhancement is Thirty-one Thousand, Three Hundred Forty-five and No/100 ($31,345.00) Dollars and with enhancement of 2.0, a total of Sixty-two Thousand, Six Hundred Ninety and No/100 ($62,690.00) Dollars. The Court finds that David Paul Horan expended 59.8 hours which are not subject to enhancement, yielding a lodestar of Eleven Thousand, Nine Hundred Sixty and No/100 ($11,-960.00) Dollars. Edward W. Horan spent an additional 27.8 hours which are not subject to enhancement, yielding a lodestar of Four Thousand, One Hundred Seventy and No/100 ($4,170.00) Dollars. The total lodestar plus enhancement where appropriate yields total attorney's fees of Seventy-eight Thousand, Eight Hundred Twenty and

No/100 ($78,820.00) Dollars. Plaintiff's costs (undisputed by the defendants) were in the amount of One Thousand, Five Hundred Seventy-nine and 76/100 ($1,579.76) Dollars are taxed against the defendant. Plaintiff's fees plus costs, yield a total of Eighty Thousand, Three Hundred Ninety-nine and 76/100 ($80,399.76) Dollars to be taxed against the defendants, for which let execution issue.

DONE and ORDERED.