Marjorie RICKS, Plaintiff–Appellant,

v.

UNITED STATES of America,
Defendant–Appellee.

No. 87–8710
Non–Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

April 12, 1988.

Mincey & Associates, Floyd Mincey, Dublin, Ga., for plaintiff-appellant.

Kenneth C. Etheridge, Asst. U.S. Atty., Savannah, Ga., for defendant-appellee.

Before RONEY, Chief Judge, HATCHETT and ANDERSON, Circuit Judges.

PER CURIAM:

The issue in this case is whether an enlisted soldier of the United States Army who is on a 100% disability retired list is prevented by the *Feres* doctrine from asserting a malpractice action against the United States. The district court held the claim was barred. We affirm.

When the serviceman died in an army hospital, the administratrix of his estate brought the complaint. The facts which control the case are undisputed. Rickie Lee Ricks enlisted in the United States Army on September 3, 1981. In August, 1983, he developed gastrointestinal problems. The problems became serious enough to require inpatient hospital care and surgery. On September 13, 1984, as a result of an inflammatory bowel disease, Ricks was placed on the Temporary Disability Retired List (TDRL) with a 100% disability rating. On August 6, 1985, he was admitted to the Eisenhower Medical Center at Fort Gordon, Georgia, for volume depletion and evaluation of his bowel condition. Ricks died while at the Center on August 11, 1985. At the time of his death, Ricks was still on the TDRL.

This action, alleging malpractice in the Government hospital that led to the death, was commenced pursuant to the Federal Tort Claims Act on January 28, 1987. The district court dismissed the complaint for lack of jurisdiction on the authority of *Feres v. United States*, 340 U.S. 135, 71 S.Ct. 153, 95 L.Ed. 152 (1950), as interpreted by this Court in *Rayner v. United States*, 760 F.2d 1217 (11th Cir.1985).

*Feres* and its progeny hold that "the Government is not liable under the Federal Tort Claims Act for injuries to servicemen where the injuries arise out of or are in the course of activity incident to service." *Feres*, 340 U.S. at 146, 71 S.Ct. at 159. The doctrine applies to medical malpractice as an "activity incident" under this doctrine. *Rayner*, 760 F.2d at 1219. The issue here is whether Ricks' status on the 100% dis-

ability list means that the malpractice was not "incident to service" within the meaning of *Feres*.

*Rayner* reasoned that the provision of benefits to soldiers because of their status as military personnel is considered "activity incident to service," and that military medical care constitutes such a benefit. 760 F.2d at 1219. The statutory language establishing the temporary disability retired list reflects a congressional intent that personnel on the list are still members of the armed forces. *See, e.g.*, 10 U.S.C.A. § 1210(a) ("A physical examination shall be given at least once every 18 months to each member of the armed forces whose name is on the temporary disability retired list. . . ."); 10 U.S.C.A. § 1376(b) ("The Secretary concerned shall maintain a temporary disability retired list containing the names of members of the armed forces under his jurisdiction placed thereon. . . ."). Ricks had not been discharged from the military or placed on a permanent disability retired list. He maintained an ongoing relationship with the Army, taking full advantage of the rights to which he was entitled. He was availing himself of military treatment in the Eisenhower Center, a military medical facility, into which he would not have been admitted absent his military status. *See Shults v. United States*, 421 F.2d 170, 171 (5th Cir.1969). He was subject to military law and a possible return to duty pending the outcome of future physical exams. *Accord Anderson v. United States*, 575 F.Supp. 470, 472 (E.D.Mo.1983). Accordingly, what transpired as a result of any medical care received by him was incident to his military service.

This result and reasoning are reinforced by the Supreme Court's decision in *United States v. Johnson*, — U.S. —, 107 S.Ct. 2063, 95 L.Ed.2d 648 (1987), which reemphasized that *Feres* applies because of the federal military relationship between the complainant and the Government. Indeed, because of *Johnson*, the Ninth Circuit reversed its decision in *Atkinson v. United States*, 804 F.2d 561 (9th Cir.1986), which had stressed the lack of effect on military discipline of a claim concerning pre-natal

care to a servicewoman. *Atkinson v. United States*, 825 F.2d 202 (9th Cir.1987). The first *Atkinson* decision was heavily relied upon by the plaintiff, but the district court properly refused to follow it because it was in conflict with *Rayner*.

AFFIRMED.