United States Court of Appeals,

Fifth Circuit

No. 96-10183.

Raye Ellen STILES, Plaintiff-Appellant,

v.

GTE SOUTHWEST INCORPORATED; GTE Incorporated, Defendants-Appellees.

Nov. 24, 1997.

Appeals from the United States District Court for the Northern District of Texas.

Before REYNALDO G. GARZA, KING and BENAVIDES, Circuit Judges.

BENAVIDES, Circuit Judge:

The appellant, Raye Ellen Stiles, proceeding *pro se* and *in forma pauperis,* appeals from a number of orders of the district court, including the district court's order granting the appellees' motion to dismiss for lack of subject matter jurisdiction. For the reasons set forth below, we AFFIRM.

I.

On December 5, 1995, Stiles filed suit against GTE Southwest, Inc., a local telecommunications company, and GTE Incorporated[1] seeking damages under the Federal Communications Act of 1934, 47 U.S.C. §§ 206-07, 415(b) ("the Act"). Stiles alleged, *inter alia,* that GTE Southwest refused to provide her with business telephone service, later provided her with only restricted service, and

[1]According to counsel for GTE Southwest, there is no legal entity named "GTE Incorporated." Because this statement is not challenged by the appellant, we will refer only to GTE Southwest in this opinion.

regularly failed to repair her service as needed. She sought damages for mental anguish, harassment, loss of business income, and invasion of privacy.

On December 28, 1995, GTE Southwest filed its answer, in which it argued that the court lacked subject matter jurisdiction over Stiles's complaint and counterclaimed for reimbursement of costs and attorney's fees. On January 22, 1996, GTE Southwest filed a motion to dismiss Stiles's complaint for failure to state a claim, for lack of subject matter jurisdiction, and for abatement. GTE Southwest argued that Stiles had failed to state a claim upon which relief could be granted because she had not indicated any specific violation of the Act or specified any damages that she had suffered. GTE Southwest further argued that because Stiles had filed an informal administrative complaint with the Federal Communications Commissions ("FCC"), she could not pursue her claim in federal court. Alternatively, GTE Southwest argued that Stiles's claims should be abated because the FCC enjoys "primary jurisdiction" over such claims.

In her response, although Stiles admitted that she had filed an informal complaint with the FCC, she argued that her informal complaint did not preclude her from bringing suit in federal court. In support of her argument, Stiles attached a letter sent to her from the FCC which addresses the FCC's informal complaint procedures. According to the letter, when the FCC receives a letter from a consumer complaining about a company providing interstate or international common carrier services, the FCC serves

2

the complaint on the carrier. The carrier is then directed to investigate the complaint and to report the results of its investigation to the FCC. The letter concludes by stating that if the complainant is not satisfied by the company's response to the informal complaint or the FCC's disposition of the complaint, the complainant may file a formal complaint with the FCC.

Stiles also attached a copy of the FCC's instructions for filing a formal complaint with the FCC. *Inter alia,* this document advises that the complainant must elect to pursue either a formal complaint or bring suit in federal court, but not in both.

On February 22, 1996, GTE Southwest filed a motion to supplement its motion to dismiss, in which it sought to attach the following in support of its motion: (1) copies of Stiles's formal complaints against GTE with the Texas Public Utility Commission ("PUC"); (2) the proposal for decision, the proposed order, and the order dismissing Stiles's PUC complaint; (3) a letter from the FCC explaining that the FCC's files regarding Stiles's informal complaint have been destroyed; and (4) GTE's copies of Stiles's informal complaint against GTE and the FCC's final determination letter.

On April 16, 1996, the district court granted GTE Southwest's motion to dismiss, finding that Stiles had elected to pursue her claim administratively with the FCC, thereby precluding her from litigating her complaint in federal court. Although the district court acknowledged the pending contested motion to supplement in its order granting GTE Southwest's motion to dismiss, the court did

3

not expressly rule on that motion.  The district court entered a separate judgment on that same day.

On April 22, 1996, within ten days of the district court's judgment, Stiles filed the following pleadings:  (1) a "motion to request reconsideration, and motion to vacate order and set aside judgment with incorporated brief";  (2) a "motion for clarification and findings of law" regarding the court's denial of her motion to recuse and dismiss counsel for GTE Southwest;  (3) a "motion for ruling as to defendant's motion to supplement defendant's motion to dismiss";  and (4) a "motion for ruling as to Plaintiff's motion to dismiss defendant's counterclaim with incorporated brief."

On May 7, 1996, Stiles then filed a notice of appeal from the district court's dismissal of her complaint.  Subsequently, Stiles sued Judge Cummings, the presiding judge, and his law clerk.  In response, Judge Cummings requested that the case be reassigned to another judge to consider the pending post-judgment motions;  Judge Buchmeyer was assigned to handle these post-judgment matters. Still not satisfied, Stiles then moved to recuse all of the judges and magistrate judges in the Northern District of Texas because they are all "personally acquainted" with Judge Cummings.  Judge Buchmeyer denied the motion as "totally without merit."

By order dated March 28, 1997, after construing Stiles's motion "to request for reconsideration, and motion to vacate order and set aside judgment with incorporated brief" as a Rule 59(e) motion, this court found that Stiles's notice of appeal was ineffective.  *See* Fed.R.App.P. 4(a)(4).  As a result, the court

4

ordered the record returned to the district court for a ruling on that motion. *See Burt v. Ware,* 14 F.3d 256, 260-61 (5th Cir.1994). On April 7, 1997, the district court denied Stiles's motion for reconsideration. Accordingly, Stiles's appeal is now properly before the court. *See* Fed.R.App.P. 4(a)(4).

## II.

On appeal, Stiles challenges the decision of the district court on six grounds. First, she argues that the district court erred in dismissing her complaint for lack of subject matter jurisdiction. Second, she argues that the district court erred in not addressing her objections to GTE Southwest's motion to supplement its motion to dismiss. Third, she argues that the district court erred in denying her motion for default judgment. Fourth, she apparently argues that the district court erred in not addressing her motion to dismiss GTE Southwest's counter-claim for attorney's fees, even though the district court did not award fees in this case. Fifth, Stiles challenges the district court's denial of her motion to dismiss counsel for GTE Southwest and the district court's subsequent denial of her request for reconsideration of that denial. Finally, she appeals the district court's denial of her motion for recusal. After reviewing the record in this case, we find that only the first issue merits any discussion.

In dismissing this case for lack of subject matter jurisdiction, the district court held that, pursuant to 47 U.S.C. § 207, once a complainant files a complaint with the FCC, she is thereafter barred from bringing suit in federal court on the same

5

claim. We review a district court's dismissal for lack of subject matter jurisdiction *de novo.* *Home Capital Collateral, Inc. v. FDIC,* 96 F.3d 760, 762 (5th Cir.1996).

Section 207 of the Act provides that:

> Any person claiming to be damaged by any common carrier subject to the provisions of this chapter may *either* make complaint to the Commission as hereinafter provided for, *or* may bring suit for the recovery of damages for which such common carrier may liable ... in any district court of the United States of competent jurisdiction; but *such person shall not have the right to pursue both such remedies.*

47 U.S.C. § 207 (emphasis added). Section 208 then describes the procedures by which a complaint may be filed and investigated. 47 U.S.C. § 208. The regulations implementing § 208 provide that a complaint to the Commission may be informal or formal. *See* 47 C.F.R. § 1.711 (1996). Under the informal complaint procedure, the FCC forwards a copy of the complaint to the carrier for investigation. 47 C.F.R. § 1.717. The carrier must then "advise the Commission in writing, with a copy to the complainant, of its satisfaction of the complaint or of its refusal or inability to do so." *Id.* If the complainant is not satisfied with the carrier's response and the FCC's actions, the complainant may then file a formal complaint. *Id.*

In contrast, "[f]ormal complaint proceedings are generally resolved on a written record consisting of a complaint, answer and reply but may also include other written submissions such as briefs and written interrogatories." 47 C.F.R. § 1.720. In short, formal complaint proceedings are more akin to traditional judicial proceedings.

6

Stiles argues that the jurisdictional bar of § 207 only applies to formal complaints. In support of this argument, she has provided two letters from the FCC regarding the procedures for filing informal and formal complaints;  the letters essentially mirror the regulations implementing the statute.  Although not entirely clear, Stiles appears to rest her argument on the fact that the letter setting forth the formal complaint procedures advises the complainant that she may file either a formal complaint or a complaint in federal district court, but not both, whereas the letter setting forth the informal complaint procedures does not. From this, Stiles concludes that you must be able to file both an informal complaint and a complaint in federal district court. While we acknowledge that there is some logic in this conclusion,[2] a result of the fact that neither letter appears to have been written with the other in mind, these letters are not the determinative documents in this case.

In interpreting a statute, our objective is to give effect to the intent of Congress.  As always, we begin with the language of the statute itself. *Consumer Prod. Safety Comm'n v. GTE Sylvania, Inc.,* 447 U.S. 102, 108, 100 S.Ct. 2051, 2056, 64 L.Ed.2d 766 (1980) ("[T]he starting point for interpreting a statute is the language of the statute itself.").  When the language of the statute is unambiguous, we must "give effect to the unambiguously

_____

[2]This is not to say that we agree entirely with Stiles's reading of the FCC letters.  Nonetheless, we are compelled to invite the FCC to revisit the wording of these letters in light of the disposition of this case.

expressed intent of Congress." *Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc.,* 467 U.S. 837, 843, 104 S.Ct. 2778, 2781, 81 L.Ed.2d 694 (1984). In other words, "we follow the plain meaning of a statute unless it would lead to a result so bizarre that Congress could not have intended it." *Johnson v. Sawyer,* 120 F.3d 1307, 1319 (5th Cir.1997) (quotations omitted).

In this case, the language of the statute is unambiguous: A complainant can file a complaint either with the FCC or in federal district court, but not in both. Contrary to Stiles's arguments, § 207 draws no distinction between formal and informal complaints and the fact that the FCC has decided to provide both formal and informal complaint proceedings does not alter the clear language of the statute.

In sum, we hold that § 207 precludes a complainant from filing suit in federal court once she has initiated the administrative complaint process with the FCC either by filing a formal or informal complaint. Accordingly, we find that the district court lacked subject matter jurisdiction over the complaint and properly dismissed Stiles's complaint on that ground.

With respect to Stiles's remaining arguments, we have reviewed the record and find them to be without merit. Likewise, we have reviewed Stiles's pending motions and find them to be without merit; therefore, all pending motions are DENIED.

Accordingly, we AFFIRM the decision of the district court.