**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 97-20630
Summary Calendar

DONALD L. BLOOM, on behalf of Ruth I. Bloom,

Plaintiff-Appellant,

VERSUS

THE DEPOSITORY TRUST COMPANY,

Defendant-Appellee.

Appeal from the United States District Court
For the Southern District of Texas

(H-95-CV-4465)

January 26, 1998

Before WISDOM, WIENER, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Donald L. Bloom *pro se*, filed the present suit against the Depository Trust Company (DTC) on behalf of Ruth Bloom, his mother, under a general power of attorney. Bloom alleges that DTC wrongfully disbursed security bonds owned by his mother. He also alleges that DTC is liable for punitive damages because of constructive fraud. Bloom filed this suit in federal court, invoking the court's diversity jurisdiction under 28 U.S.C. § 1332. The district court dismissed this action for want of subject matter jurisdiction. It found, to a legal certainty, that this case did not meet the

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

$50,000 amount in controversy requirement.[2]  Bloom appeals this dismissal.  We affirm.

We review the dismissal for want of subject matter jurisdiction *de novo*.[3]  "The rule governing dismissal for want of jurisdiction in cases brought in the Federal court is that, unless the law gives a different rule, the sum claimed by the plaintiff controls if the claim is apparently made in good faith. It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal."[4]  When the defendant has challenged the amount in controversy in the proper manner, the plaintiff must support his allegations of jurisdictional amount with competent proof.[5]  To meet this burden, Bloom, the plaintiff, must show "that it does not appear to a legal certainty that its claim is for less than the jurisdictional amount."[6]  "Good faith" alone is not the test.

DTC has placed the amount in controversy in issue.  DTC maintains that Bloom's allegations relate to five Puerto Rico Housing Authority Bonds, Numbers 764, 800, 801, 802, and 803, each with a face value of $ 5,000.  The interest on those bonds totals approximately $ 12,000.  DTC further maintains that Bloom's request for $ 3 million in punitive damages is not cognizable under the law. DTC concludes that the amount in controversy is, at most, $ 37,000.  Bloom counters by arguing that

---

[2]  The current version of 28 U.S.C. §1332 vests the federal courts with diversity jurisdiction only for cases in which the amount in controversy exceeds $75,000.  This suit was filed in September of 1995, before the required amount in controversy was raised.

[3]  *Stiles v. GTE Southwest Inc.*, 128 F.3d 904, 906 (5th Cir. 1997).

[4]  *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 288-9 (1938) (internal citations omitted).

[5]  *Lister v. Comm. Court*, 566 F.2d 490, 492 (5th Cir. 1978).  The party seeking to invoke the federal court's jurisdiction bears the burden of proof on the issue of jurisdictional amount. *See Allen v. R & H Oil & Gas Co*, 63 F.3d 1326, 1335 (5th Cir. 1995).

[6]  Wright, Miller, & Cooper, Federal Practice and Procedure:  Jurisdiction  § 3702 (1985).

there are two, and possibly three sets of Puerto Rico bonds at issue. He also alleges that he has a valid "constructive fraud" claim for punitive damages based upon § 8-320 of the New York Uniform Commercial Code (U.C.C.). After reviewing the record and the law upon which Bloom relies, we find that he has failed to meet his burden. The amount in controversy is at most $ 37,000.

Bloom's arguments that there are multiple sets of Puerto Rico bonds are based primarily upon the haphazard use of identification numbers for the bonds in communications between Bloom and DTC. The five Puerto Rico bonds were initially used as collateral for surety bond # 4590416 with the Fidelity & Deposit Company of Maryland. The identification number "4590416" is unrelated to the Puerto Rico bonds themselves. To suggest that the mistaken use of this number on communications between the parties meant that there were additional Puerto Rico bonds is pure speculation. Speculation is not sufficient to meet Bloom's burden.[7] The parties also referred to the bonds under "cusip # 745281PL3". The parties agree that this is the "correct" identification number for the Puerto Rico bonds. Bloom has not offered evidence to show that there is any more than one set of five bonds with a total face value of $ 25,000. Bloom's subjective belief that there are additional bonds is insufficient to overcome the lack of factual support.[8]

Bloom also sought $ 3 million in punitive damages due to DTC's constructive fraud in concealing the bonds. Although punitive damages are included when determining if the amount in controversy is met,[9] the district court did not err in refusing to count the punitive damages in this case

---

[7] *See Diefenthal v. Civil Aero. Bd.*, 681 F.2d 1039, 1052-3 (5th Cir. 1982).

[8] Contrary to Bloom's argument, this is not a case in which subsequent events were used to attempt to oust the court's jurisdiction. Instead, the court merely determined the actual value of the object of the suit at the time the case was filed.

[9] *See Allen v. R & H Oil & Gas Co*, 63 F.3d 1326, 1335 (5th Cir. 1995).

because Bloom's claim for constructive fraud fails as a matter of law. To state a claim for constructive fraud, the plaintiff must allege that the defendant has breached a legal or equitable duty owed to the plaintiff.[10] This often involves a breach of trust or confidential relationship. DTC did not owe any legal or equitable duty to Bloom, and section 8-320(5) of the U.C.C. did not create one.[11]

For the foregoing reasons, we find that the district court did not err in dismissing this action for lack of subject matter jurisdiction. The judgment of the district court is AFFIRMED.

---

[10]     *See Matter of Monnig's Dept. Stores, Inc.*, 929 F.2d 197, 201 (5th Cir. 1991).

[11]     Section 8-320(5) of the New York U.C.C. does not create a legal duty between DTC and Bloom. It merely acknowledges that Bloom is free to pursue whatever remedies it may have (from other sources) against DTC.