PUBLISH

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 97-5987
Non-Argument Calendar
_____

D.C. Docket No. 96-880-CV-SH

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
10/30/98
THOMAS K. KAHN
CLERK

CARLOS JIMENEZ,

Plaintiff-Appellant,

versus

UNITED STATES OF AMERICA,

Defendant-Appellee.

--------------------------
Appeal from the United States District Court
for the Southern District of Florida
--------------------------
**(October 30, 1998)**

Before BIRCH and MARCUS, Circuit Judges, and HENDERSON, Senior Circuit Judge.

PER CURIAM:

Carlos Jimenez filed this action against the United States pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2671 et seq. ("FTCA"), seeking damages for alleged medical malpractice. The United States District Court for the Southern District of Florida granted the government's motion to dismiss the case. Jimenez appeals from the final judgment. For the reasons that follow, we affirm the judgment of the district court.

FACTS AND PROCEEDINGS IN THE DISTRICT COURT

Jimenez was a seaman recruit in the United States Navy. He was found guilty of violating Article 121 (Larceny) of the Uniform Code of Military Justice at a court-martial on August 21, 1991. At his sentencing hearing, he received a bad-conduct discharge, three months of confinement, and forfeiture of two-thirds of his pay for two months. His conviction was ultimately affirmed on appeal, and he was separated from active duty on May 4, 1993. While his case was on appeal, Jimenez sought medical treatment for his left hip at the Department of Veteran Affairs Medical Center in Miami. He was admitted to the hospital with an active duty identification card stamped "APPELLATE LEAVE." Doctors at the facility performed hip surgery on Jimenez on February 1, 1993. He was discharged on February 17, 1993, but returned for several post-operative visits, including several after his separation from the service.

In June 1995, Jimenez filed an administrative claim with the Department of Veterans' Affairs ("Department") seeking $2,000,000 in damages for an improper or unnecessary hip fusion at the Miami hospital. The administrative claim did not allege any negligent medical care after his discharge from the Navy. The Department denied the claim in May 1996. Jimenez filed this suit in the district court in April 1996 seeking to receive damages under the FTCA. The government moved to dismiss the case on the ground that it was barred by the doctrine promulgated by the Supreme Court in Feres v. United States, 340 U.S. 135, 71 S.Ct. 153, 95 L.Ed. 152 (1950), that denied relief under the FTCA because that act did not waive the United States' sovereign immunity for injuries to servicemen which arise out of or are incident to military service. The district court concluded that Jimenez was a member of the military at the time of the allegedly negligent medical conduct and that the treatment was incident to service within the meaning of Feres. The court also held that Jimenez' claims for negligent medical care

following his discharge were also barred by the doctrine because they were "inextricably intertwined" with the treatment he received while on active duty. Accordingly, the court granted the government's motion to dismiss.

DISCUSSION

In general, the FTCA waives the sovereign immunity of the United States for negligent injury to persons or property. In a series of decisions rendered shortly after enactment of the statute, however, the Supreme Court established what is now referred to as the Feres doctrine, which holds that, under the FTCA, no action lies for a serviceman's injury which is incident to military service. In a leading opinion, the former Fifth Circuit Court of Appeals held that the serviceman's duty status was the most important criterion in determining whether an injury was incident to military service. Parker v. United States, 611 F.2d 1007 (5th Cir. 1980). Therefore, as the district court noted, this case requires us to determine Jimenez' status with the United States Navy at the time he received the allegedly negligent medical care at issue. If Jimenez is found to have been on active duty status, any injury he received as a result of medical care by the government is "incident to his military service," and a tort claim is precluded by Feres. See Rayner v. United States, 760 F.2d 1217 (11th Cir.), cert. denied, 474 U.S. 851 (1985).

Jimenez urges that the district court erred in concluding that he was an active duty member of the Navy at the time of his medical treatment. There is no case from our circuit court of appeals which addresses this precise question. The Fourth Circuit Court of Appeals has held, however, in a factually similar case, that a serviceman on excess leave following a court-martial and bad-conduct discharge was on active duty for Feres doctrine purposes. Appelhans v. United States, 877 F.2d 309 (4th Cir. 1989). Furthermore, this court has held that a serviceman

3

on a permanent disability retired list retained his status as a member of the service, such that a tort claim was barred by Feres. Ricks v. United States, 842 F.2d 300 (11ᵗʰ Cir. 1988)(per curiam).

Jimenez relies principally on a decision from the Fifth Circuit Court of Appeals in Adams v. United States, 728 F.2d 736 (5ᵗʰ Cir. 1984), but that case is clearly distinguishable. In Adams, the court determined that the Feres doctrine was not a bar to a suit brought by the survivors of a former serviceman because his court-martial had been affirmed on appeal and his discharge had been completed to the extent of the Army's ability to do so at the time of his medical treatment and death at a public health service hospital. Id. at 738-40. In other words, the survivors' lawsuit was not barred because he had been finally discharged and was no longer under military care for FTCA liability purposes. By contrast, in this case, Jimenez' court-martial had not been affirmed on appeal or his discharge completed at the time of the allegedly negligent hip operation and subsequent treatment.

For the reasons stated in this opinion, the district court correctly granted the government's motion to dismiss his FTCA action, and its judgment is AFFIRMED.