[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 5, 2001
THOMAS K. KAHN
CLERK

_____

No. 00-15712
Non-Argument Calendar
_____

D. C. Docket No. 99-01921-CV-T-26C

MEXIPORT, INC., d.b.a.
AMERICAN MARKETING ASSOCIATES,

Plaintiff-Appellant,

versus

FRONTIER COMMUNICATIONS
SERVICES, INC., f.k.a. Allnet Communications
Services, Inc.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(June 5, 2001)**

Before EDMONDSON, WILSON and GODBOLD, Circuit Judges.

PER CURIAM:

I.

The relevant facts are undisputed. Following a disagreement over the issuance of a toll free "800" telephone number Mexiport, Inc. filed an informal complaint with the Federal Communications Commission ("FCC") against Frontier Communications Services, Inc. pursuant to 47 U.S.C. § 208 and 47 C.F.R. § 1.716 (1999). Upon completion of the informal complaint process the FCC notified Mexiport that the complaint could not be resolved through that process and informed Mexiport of its right to file a formal complaint in accordance with 47 C.F.R. § 1.721.[1] Mexiport sought legal advice and ultimately decided to forego filing a formal complaint. The company planned to pursue the litigation at a later date.

More than three years after the FCC notified Mexiport of its right to file a formal complaint, Mexiport filed this diversity action against Frontier in federal

---

[1] Mexiport argues that it received misleading information from the FCC regarding its right to file a formal complaint. Mexiport suggests that the FCC's instructions indicated that it could file a formal complaint or file a complaint in federal district court. We have carefully reviewed the record before us and we find no such instruction. The FCC's March 21, 1996 letter to Mexiport unequivocally states that "if the complainant is not satisfied by a carrier's response to an informal complaint and the Commission's disposition of that complaint, the complainant may file a formal complaint in accordance with Section 1.721 of the Commission's Rules, 47 C.F.R. § 1.721." The FCC then recommended that in filing a formal complaint with the Commission the complainant should follow formal filing procedures found in the rules and suggested that the services of an attorney may be required. The letter makes no mention of an option to file in federal district court. In any event, as Mexiport correctly points out, its subsequent receipt of inaccurate legal advice to the contrary is no defense.

district court. The complaint alleged state law claims of breach of contract and tortious interference. Following discovery Frontier filed a motion for summary judgment challenging, <u>inter alia</u>, the subject matter jurisdiction of the district court. Relying on 47 U.S.C. § 207 and <u>Stiles v. GTE Southwest Inc.</u>, 128 F.3d 904 (5th Cir. 1997) (finding that a claimant who files an informal complaint with the FCC and initiates the administrative process is precluded from filing a complaint in federal district court), the district court granted summary judgment in favor of Frontier. Mexiport now appeals.

## II.

We review the grant of a motion to dismiss[2] for lack of subject matter jurisdiction <u>de</u> <u>novo</u>. See <u>Milan Express, Inc. v. Averitt Express, Inc.</u>, 208 F.3d 975, 978 (11th Cir. 2000).

## III.

---

[2] Frontier raised the issue of subject matter jurisdiction, <u>inter alia</u>, in its motion for summary judgment. Subject matter jurisdiction is more appropriately addressed in a motion to dismiss pursuant to Federal Rule of Civil Procedure Rule 12(b)(1). See <u>U.S. v. Blue Cross and Blue Shield of Al., Inc.</u>, 156 F.3d 1098, 1101 n.7 (11th Cir. 1998). The district court granted Frontier's summary judgment motion for lack of subject matter jurisdiction without dismissing the action. Because we are not bound by the label placed on the district court's disposition of the case, we will treat the district court's summary judgment ruling as a dismissal of the action. See <u>Tuley v. Heyd</u>, 482 F.2d 590, 593 (5th Cir. 1973).

3

The FCC was created by statute to regulate interstate wire and radio communication systems. 47 U.S.C. § 151, et. seq. Section 207 provides relief for persons damaged by carriers of these systems. That section provides:

> Any person claiming to be damaged by any common carrier subject to the provisions of this chapter may either make complaint to the Commission as hereinafter provided for, or may bring suit for the recovery of the damages for which such common carrier may be liable under the provisions of this chapter, in any district court of the United States of competent jurisdiction; but such person shall not have the right to pursue both such remedies.

47 U.S.C. § 207 (emphasis added). A complaint filed with the FCC may be either formal or informal. 47 C.F.R. § 1.711. When the complainant files an informal complaint[3] the complaint is forwarded to the carrier for investigation. 47 C.F.R. § 1.717. The carrier must notify the FCC in writing that it has satisfied the complaint or that it is unable or refuses to do so. Id. If the complainant is not satisfied with the carrier's response and the FCC's disposition, then the complainant may file a formal complaint[4] with the FCC. Id.

---

[3] An informal complaint must be in writing and contain (1) the name, address, and telephone number of the complainant; (2) the name of the carrier against whom the complaint is made; (3) a statement of the act or omission by the carrier that contravenes the Communications Act; and (4) the relief sought. 47 C.F.R. § 1.716.

[4] The formal complaint is resolved on a written record, which consists of the complaint, answer, statements of stipulated and disputed facts and issues along with the necessary affidavits and exhibits. 47 C.F.R. § 1.720, § 1.721. This process is more akin to a traditional judicial proceeding than the informal complaint process. See Stiles, 128 F.3d at 907.

Mexiport does not dispute that it filed an informal complaint with the FCC. It concedes that had it filed a formal complaint with the FCC, it would be precluded from bringing an action in federal district court. The company argues, however, that because the informal complaint process lacks due process safeguards it does not carry the force and effect of a formal complaint proceeding, and, therefore, does not bar district court action.

Whether filing an informal complaint with the FCC precludes a claimant from filing an action in federal district court is one of first impression in this Circuit. We agree with the reasoning of the Fifth Circuit in Stiles v. GTE Southwest Inc, 128 F.3d 904 (5th Cir. 1997), and find that the language of 47 U.S.C. § 207 is unambiguous. The statute allows a complainant to file a complaint with the FCC or in federal district court but not both. Stiles, 128 F.3d at 907. See also Cincinnati Bell Tel. Co., Inc. v. Allnet Communication Serv., Inc., 17 F.3d 921 (6th Cir. 1994) (barring relitigation of a claim in district court where the plaintiff previously filed a formal complaint with the FCC) . The statute does not distinguish between informal and formal complaints, and we will not read such a distinction into it. Because Mexiport filed a complaint with the FCC it is precluded from also bringing an action in federal district court. There is no subject matter jurisdiction.

AFFIRMED.