[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 13, 2005
THOMAS K. KAHN
CLERK

_____

No. 04-16292
Non-Argument Calendar

_____

D. C. Docket No. 04-01833-CV-T-30EAJ

HENRY M. RACZKOWSKI,

Plaintiff-Appellant,

versus

UNITED STATES OF AMERICA,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(June 13, 2005)

Before ANDERSON, BLACK and PRYOR, Circuit Judges.

PER CURIAM:

Henry Raczkowski appeals pro se the district court's dismissal for lack of

subject matter jurisdiction of his claim under the Federal Tort Claims Act ("FTCA"), 42 U.S.C. § 1346, arising out of the Social Security Administration's ("SSA's") determination and recoupment of old-age insurance benefits. The crux of Raczkowski's claim rests on his contention that the Social Security Act ("the Act") contains no provision prohibiting FTCA claims, since the FTCA covers "negligent and wrongful acts by any employee of the government." Furthermore, Raczkowski maintains that his complaint is not grounded in social security law, and thus, should not be barred.

We review a district court's grant of a motion to dismiss for lack of subject matter jurisdiction de novo. Mexiport, Inc. v. Frontier Communications Services, Inc., 253 F.3d 573, 574 (11th Cir. 2001).

The Act provides both a means of judicial review of the Commissioner's determinations and a bar on FTCA claims. Section 405(g) of the Act states that:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow. Such action shall be brought in the district court of the United States for the judicial district in which the plaintiff resides . . ..

42 U.S.C. § 405(g).

2

Moreover, § 405 (h) of the Act provides, in part, that:

> The findings and decision of the Commissioner of Social Security after a hearing shall be binding upon all individuals who were parties to such hearing. No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided. *No action against the United States, the Commissioner of Social Security, or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28 to recover on any claim arising under this subchapter.*

42 U.S.C. § 405(h) (emphasis added). The referred to federal jurisdictional statute § 1331 of Title 28 provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Section 1346(b)(1), the FTCA, gives the district courts original jurisdiction for "civil actions on claims against the United States, for money damages . . . for injury or loss of property . . . caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment with the United States . . .." 28 U.S.C. § 1346(b)(1).

3

The Supreme Court has issued two decisions that held that § 405(h) bars social security benefits cases with jurisdictional grounding in 42 U.S.C. § 1331.  In Weinberger v. Salfi, 422 U.S. 749, 95 S.Ct. 2457 (1975), the Supreme Court held the district court erred when it found it had jurisdiction under § 1331 to hear a widow and her child's social security claims, after the SSA denied them survivor's benefits.  Salfi, 422 U.S. at 753, 95 S.Ct. at 2461.  In examining the third sentence of § 405(h), the Court concluded that the district court had erroneously ignored the statute's plain language in its too narrow interpretation.  Id. at 758, 95 S.Ct. at 2464.

Several years later, in Shalala v. Illinois Council on Long Term Care, Inc., 529 U.S. 1, 120 S.Ct. 1084 (2000), the Supreme Court reiterated its position that § 405(h) prevents plaintiffs from bringing suit in district court under § 1331 and seeking redress for a denial of social security benefits.  Shalala, 529 U.S. at 5, 10, 120 S.Ct. at 1089, 1092 (revisiting the issue in the context of a complaint brought against the Department of Health and Human Services under 42 U.S.C. § 1395ii, which incorporated § 405(h)6 of the Act).  In examining the more recent version of § 405(h), the Court noted that its third sentence excluded jurisdiction under § 1346 as well, and held that the section's language *"to recover on any claim arising under"* undoubtedly

4

references the usual social security claim "where an individual seeks a monetary benefit from the agency." Id. at 10, 120 S.Ct. at 1092 (emphasis in original).

We conclude that because Raczkowski's claim is one arising under the Act, § 405(h) bars him from asserting jurisdiction under the FTCA, and the district court did not err when it dismissed his complaint for lack of subject matter jurisdiction. Moreover, while § 405(g) provides a remedy for Raczkowski to advance his claim administratively, because more than 60 days have elapsed from the issuance of the SSA's final denial of benefits, this remedy is not available to him even if his complaint was construed as arising under it. Accordingly, we affirm.

**AFFIRMED.**