[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 2, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-16541

_____

D. C. Docket No. 06-00105-CV-AAA-2

CARLIS STARKE,
as guardian for Reginald Starke, an incapacitated
adult,

                                              Plaintiff-Appellant,

versus

UNITED STATES OF AMERICA,

                                              Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

**(October 2, 2007)**

Before BIRCH, BARKETT  and COX, Circuit Judges.

PER CURIAM:

   Plaintiff-appellant, Carlis Starke, as guardian for her husband, Reginald

Starke, appeals the dismissal by the district court of claims brought pursuant to the Federal Tort Claims Act (FTCA), 28 U.S.C. § 1346(b). Carlis Starke argues that the district court erred in finding those claims were barred by the Feres doctrine. We agree with the district court that the claims are barred and affirm.

## I. BACKGROUND

On 11 August 2003, Reginald Starke was on active duty for the United States Navy. He was stationed at Kings Bay Naval Submarine Base. He completed his assigned duties for the day and returned to his off-base housing in the mid-afternoon. That same afternoon, he decided to return to the base with some friends to play golf at the Kings Bay Trident Lakes Golf Course.

At the time, the course, which was owned and operated by the Navy with the assistance of civilian contractors, was open only to military personnel and their guests. Late that afternoon, Reginald Starke was struck by lightning while playing on the course. The Starkes' complaint alleges that the golf course personnel negligently failed to sound the inclement weather alarm, and that, had such an alarm been sounded, Reginald Starke would have taken precautionary measures to avoid injury. Instead, he was totally incapacitated by a lightning strike and remains in a semi-comatose or comatose state.

Carlis Starke filed claims related to his injury on behalf of each of them

pursuant to the FTCA. The government filed a motion to dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). The district court, applying the Feres doctrine, found that because Reginald Starke's injury had occurred incident to his military service, the court lacked subject matter jurisdiction over those claims.

## II. DISCUSSION

We review a district court's dismissal of claims for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) de novo. Mexiport, Inc. v. Frontier Commc'ns Servs., Inc., 253 F.3d 573, 574 (11th Cir. 2001) (per curiam). "[T]he Government is not liable under the [FTCA] for injuries to servicemen where the injuries arise out of or are in the course of activity incident to service." Feres v. United States, 340 U.S. 135, 146, 71 S. Ct. 153, 159 (1950). We consider three factors, "(1) duty status, (2) location, and (3) activity, to determine whether a service member's injuries resulting from government negligence . . . are incident to service[,]" and thus subject to the doctrine announced in Feres. Whitley v. United States, 170 F.3d 1061, 1070 (11th Cir. 1999).

For the purpose of Feres doctrine analysis, we have drawn a distinction between service members on furlough, whose FTCA claims would less likely be barred, and those on "off-duty time experienced daily" in the course of active duty,

3

whose negligence claims are precluded by <u>Feres</u>. <u>Id.</u> at 1070, 1071 & nn.19-20. Although Starke was off-duty at the time of his injury, his status was still that of an active duty service member for purposes of <u>Feres</u> analysis.

"Where the claimant is injured on base while on 'active duty,' <u>Feres</u> applies virtually as a matter of law." <u>Watkins v. United States</u>, 462 F. Supp. 980, 986-87 (D.C. Ga., 1977), <u>aff'd</u> <u>by</u>, <u>Watkins v. United States</u>, 587 F.2d 279, 279 (5th Cir. 1979) (expressly adopting district court's reasoning). "[E]ven plaintiffs who were off-duty (with or without a pass or liberty card) are barred by <u>Feres</u> where the injury occurs on base." <u>Id.</u> at 987. Starke's injury occurred at a golf course located on the base. Thus, the location at which Starke's injury occurred calls for the application of <u>Feres</u>.

Finally, activities on a military reservation often involve privileges or services that accrue to service members "incident to their military service." <u>Whitley</u>, 170 F.3d at 1073-74, 1074 n.29 (recreational activities); <u>Ricks v. United States</u>, 842 F.2d 300, 301 (11th Cir. 1988) (medical services). In this case, not only was the golf course located on the base but, at the time of Starke's injury, the facility was restricted to military personnel and their guests. Accordingly, he played on the course only by virtue of his military service. Thus, Starke's activity was clearly incident to his service.

4

The circumstances of Reginald Starke's injury satisfy all three factors required for the application of the Feres doctrine. Accordingly, the Starkes' FTCA claims are barred.

## III. CONCLUSION

Carlis Starke appeals the district court's dismissal of her and her husband's FTCA claims arising out of her husband's incapacitating injury on a United States Navy-owned golf course. Because we find that the Feres doctrine applies, barring these claims, we **AFFIRM** the district court's order.