[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 28, 2008
THOMAS K. KAHN
CLERK

_____

No. 06-13276
Non-Argument Calendar

_____

D. C. Docket Nos. 03-03241-CV-1-RBP-TMP & 03-03247-CV-PT

1:03-cv-03241-RBP

SONIA L. THOMAS,

Plaintiff-Appellee,

versus

ALABAMA HOME CONSTRUCTION,

Defendant,

AHCI MANAGEMENT COMPANY, INC.,

Defendant-Appellant.

_____

4:03-cv-03247-RBP

BETH F. GERHARDT, and the Class
She Seeks to Represent,

Plaintiff-Appellee,

versus

ALABAMA HOME CONSTRUCTION, INC.,
a Corporation,

                                                        Defendant-Appellant,

LAVELLE SMITH, an individual,

                                                        Defendant.

_____

Appeals from the United States District Court
for the Northern District of Alabama
_____

**(March 28, 2008)**

Before TJOFLAT, BLACK and BARKETT, Circuit Judges.

PER CURIAM:

Alabama Home Construction, Inc. ("AHC") and AHCI Management Company, Inc. ("ACHI") appeal (1) final judgments in favor of plaintiffs Beth F. Gerhardt and Sonia L. Thomas following a jury trial on their retaliation claims brought pursuant to Title VII of the Civil Rights Act of 1964; (2) the district court's denial of their motions for judgments as a matter of law on Gerhardt and Thomas's punitive damages claims; (3) the district court's denial of the defendants' post-trial motions (a) to dismiss and (b) for discovery related to the award of attorneys' fees.

Both Gerhardt and Thomas were employed by the defendants in their Pall

City, Alabama office. Both plaintiffs alleged that they were terminated from their jobs based on their complaints to management of defendant Lavelle Smith's sexual harassment. The jury found that Thomas was entitled to damages to compensate her emotional pain and mental anguish in the amount of $25,000, as well as punitive damages in the amount of $25,000 because AHCI acted with malice or reckless indifference. The jury also found that Gerhardt was entitled to compensatory damages in the amount of $81,000, damages for emotional pain and anguish in the amount of $25,000, and punitive damages in the amount of $50,000.[1]

Following the trial, both defendants filed a motion to dismiss arguing that the district court lacked subject matter jurisdiction because the plaintiffs failed to prove that each defendant employed the requisite number of employees to be held liable under Title VII. The district court denied these motions, finding that the "number of employees" element was not jurisdictional, so defendants had waived the issue by not raising it before judgment. The district court also denied plaintiffs' motions for judgments as a matter of law on the issue of punitive damages and their request for additional discovery related to attorney's fees. We affirm each of the district court's judgments.

---

[1] The district court later reduced Gerhardt's total award to $131,000.

## I. Motions to dismiss

We review a district court's denial of a motion to dismiss for lack of subject matter jurisdiction de novo. Mexiport, Inc. v. Frontier Communications Services, Inc., 253 F.3d 573, 574 (11th Cir. 2001).

Under Title VII, an "employer" is "a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year. . . ." 42 U.S.C. § 2000e(b). In Arbaugh v. Y&H Corp., 546 U.S. 500 (2006), the Supreme Court held that the "threshold number of employees for application of Title VII is an element of a plaintiff's claim for relief, not a jurisdictional issue." Id. at 516. The Supreme Court noted that "[n]othing in the text of Title VII indicates that Congress intended courts, on their own motion, to assure that the employee-numerosity requirement is met." Id. at 514.

The defendants argue that no reasonable juror could conclude that AHC or AHCI was a Title VII employer based on the record that was before the district court in this case. However, because the Supreme Court decided during the pendency of this case that the employee-numerosity requirement was not a jurisdictional issue, the district court did not err in denying the defendants' motions to dismiss. The record reveals that neither defendant raised the issue in its answer,

4

at the close of the plaintiffs' case-in-chief, or at any other time during the trial. Because the defendants failed to raise this issue challenging an element of plaintiffs' claim before the close of the trial on the merits, it cannot be raised now. Id. at 507 (objection that complaint fails to state a claim "may not be asserted post trial").

Moreover, even if they had not waived this issue, the plaintiffs submitted sufficient evidence to show that the defendants had the requisite number of employees. First, the defendants stipulated before trial that they "flunked the economic realities test" because there was common ownership and control between them. The evidence at trial established that Philip Gilbert was the president of AHC, while Suzanne Gilbert, his wife, was president of AHCI. Philip Gilbert's testimony revealed that, in August 2000, the month before Gerhardt and Thomas were both terminated, AHC employed eight or nine salespeople, which included all of its offices, and a secretary in the Pell City office. Gerhardt's and Billy Daugherty's testimony revealed that two salespeople worked in the Albertville, Fort Payne, Jasper, Oneonta, Oxford, Pell City, and Northport offices, and the defendants' corporate offices employed several people, including four to five superintendents and their assistants, as well as a person who worked on advertising. Given this testimony, the plaintiffs submitted sufficient evidence to

5

conclude that the defendants did have the requisite number of employees for purposes of Title VII. Accordingly, the district court did not err in denying the defendants' motion to dismiss.

## II. Motions for judgment as a matter of law: Retaliation claims

We review the denial of a motion for judgment as a matter of law de novo. Gupta v. Florida Bd. of Regents, 212 F.3d 571, 582 (11th Cir. 2000). Upon review, we consider all of the evidence and reasonable inferences arising therefrom in the light most favorable to the nonmoving party. Id. We will not substitute our own judgment for that of the district court if its verdict is supported by sufficient evidence. Ritch v. Robinson-Humphrey Co., 142 F.3d 1391, 1393 (11th Cir. 1998).

To establish a prima facie case of retaliation under Title VII, a plaintiff must show that (1) she participated in a statutorily protected activity; (2) she suffered an adverse employment action; and (3) there was a causal connection between the two events. Gupta, 212 F.3d at 587. To establish a causal connection between a protected activity and adverse employment action, "a plaintiff need only show that the protected activity and the adverse action were not wholly unrelated." Brungart v. BellSouth Telecomms., Inc., 231 F.3d 791, 799 (11th Cir. 2000) (quotations omitted). To satisfy this showing, a plaintiff must generally establish "that the

6

decision maker was aware of the protected conduct at the time of the adverse employment action." Id. We have held that the amount of time between the protected activity and the adverse employment action is one factor that may tend to prove or disprove a causal link in a retaliation case. See Donnellon v. Fruehauf Corp., 794 F.2d 598, 601 (11th Cir. 1986) (holding that one month is sufficiently proximate).

Here, the district court did not err in denying the defendants' motions for judgment as a mater of law because both plaintiffs produced sufficient evidence to support their retaliation claims. First, the evidence at trial established that there was an incident during which Smith lifted up Thomas's skirt while Thomas was taking a telephone call at work. Contrary to the defendants' arguments, the skirt lifting incident supports the conclusion that Thomas had a reasonable good faith belief that she was sexually harassed, and that she opposed conduct that is made unlawful by Title VII. Thomas told Gilbert about the skirt incident during an interview concerning the matter on August 21, 2000, and she also told him that Smith made her feel uneasy. Thomas was fired within weeks of the skirt incident and her interview with Gilbert.

With respect to Gerhardt, the defendants do not dispute that Gerhardt had a good faith subjective and objective belief that the conduct Smith engaged in during

the fall of 1999 constituted sexual harassment. Additionally, during the trial, the defendants conceded that Gerhardt complained about Smith's conduct in October and November 1999. Further, the record revealed that Gerhardt began complaining about Smith's conduct directed at her and others less than two weeks after Smith was hired up until the day that she was locked out of the Pell City office, which happened about a month after skirt incident. Gerhardt complained about Smith's conduct to Billy and Janie Daugherty, the regional AHC managers, on a regular basis. She complained to Philip Gilbert about the skirt incident, and also asked Billy Daugherty if she could be transferred from the Pell City office after Thomas's departure. Moreover, as with Thomas, Gerhardt has shown sufficient temporal proximity between her complaints to her employer, which were ongoing, and her termination as to establish causation. Accordingly, in light of the foregoing, there is sufficient evidence to support the jury finding of retaliation and the district court did not err in denying the defendants' motion for judgment as a matter of law.

### III. Motions for judgment as a matter of law: Punitive damages

Though we undertake the same de novo review of the district court's denial of the defendants' motions for judgment as a matter of law regarding the award of punitive damages in this case, we also review the factual determinations made by

8

the district court for clear error. Hamer v. City of Atlanta, 872 F.2d 1521, 1526 (11th Cir. 1989).

Under the Civil Rights Act of 1991, a plaintiff can recover punitive damages where a defendant "engaged in unlawful intentional discrimination" prohibited by Title VII. 42 U.S.C. § 1981a(a)(1). Punitive damages are permissible "if the complaining party demonstrates that the respondent engaged in a discriminatory practice or discriminatory practices with malice or with reckless indifference to the federally protected rights of an aggrieved individual." 42 U.S.C. § 1981a(b)(1). In order to be liable for punitive damages under 42 U.S.C.§ 1981a(b)(1), "an employer must at least discriminate in the face of a perceived risk that its actions will violate federal law." Kolstad v. Am. Dental Ass'n, 527 U.S. 526, 536 (1999).

Here, both plaintiffs presented sufficient evidence to show that the defendants engaged in unlawful discrimination against them with malice or with reckless indifference to their federally protected rights. Philip Gilbert acknowledged that during the relevant time period, AHC did not have any policies or procedures in place for employees to complain about being sexually harassed, and Gerhardt complained repeatedly about Smith's inappropriate sexual conduct in the workplace to her supervisors, who took no corrective action. From this evidence, a jury could find that both defendants did not attempt in good faith to

9

comply with Title VII, and that they acted with malice or with reckless indifference to Gerhardt's and Thomas's federally protected rights.

## IV. Motions for discovery concerning the fee-award process

We review the denial of post-judgment motions for an abuse of discretion. Toole v. Baxter Healthcare Corp., 235 F.3d 1307, 1316 (11th Cir. 2000). "[T]he Supreme Court has counseled that the request for attorney's fees should not result in a second major litigation . . . ." McKenzie v. Cooper, Levins & Pastko, Inc., 990 F.2d 1183, 1184 (11th Cir. 1993) (citing Hensley v. Eckerhart, 461 U.S. 424, 437 (1983)).

We find that the district court did not abuse its discretion by denying the defendants' request to conduct further discovery as to the fee-award process. The defendants had the opportunity to, and in fact did, respond to the plaintiffs' motions for attorneys' fees. Moreover, the defendants have cited no authority in support of their argument that they had a constitutional right to cross-examine fee petition witnesses, and none exists. Accordingly, in light of the foregoing, we affirm the district court's decision.

**AFFIRMED.**